THE PEOPLE OF THE STATE OF NEW YORK, Respondent *v.* RUSSELL BOUTON, Appellant.

Fourth Department, February 16, 1973.

*James R. Harvey* for appellant.

*Willard C. Best* for respondent.

CARDAMONE, J. Appellant was convicted on his plea of guilty to driving while intoxicated as a felony and thereafter sentenced to an indeterminate term with a maximum of four years. His claim that his plea was made upon an understanding that he would be sentenced as though for a misdemeanor is conclusively refuted by the plea minutes. He was represented by the same counsel at sentencing and no objection to the sentence on the grounds now alleged was made at that time nor was an appropriate motion to set the sentence aside subsequently made under CPL 440.20. Appellant's counsel admits in his affidavit respecting the conversation with the sentencing court and the prosecutor that the court made the sentence dependent on a presentence investigation and report which the sentencing Judge did not have

at the time of the conference in chambers. We, therefore, find no merit to this claim or to the contention that the sentence imposed was excessive. In that regard, an examination of the presentence investigation report reveals a long course of violations of law culminating in a driving while intoxicated charge in May, 1971 for which appellant was fined $150 and had his license to operate a motor vehicle revoked. While his license to operate a motor vehicle was revoked, appellant was arrested in July, 1971 for driving while intoxicated and fined $100. Subsequently, the present arrest for the same crime was made, although on this occasion because of the previous convictions it was for a felony under the provisions of subdivision 5 of section 1192 of the Vehicle and Traffic Law. Upon the present record, we see no reason to disturb the sentencing court's exercise of discretion in the sentence imposed.

There remains appellant's contention that the four-year sentence imposed was illegal because the Vehicle and Traffic Law provides for not more than a two-year sentence or not more than a $2,000 fine or both (Vehicle and Traffic Law, § 1192, subd. 5). This particular penalty for driving while intoxicated has been embodied in the statutes of this State for over 60 years. Such penalty was contained in subdivision 3 of section 290 of the Highway Law of 1909. It has been incorporated in substantially similar language in subsequent amendments and re-enactments of the Vehicle and Traffic Law, most recently by chapter 275 of the Laws of 1970. The revised Penal Law was enacted in 1965 with an effective date of September 1, 1967 (L. 1965, ch. 1030). It provides that "unless otherwise expressly provided * * * the provisions of this chapter shall govern the construction of and punishment for any offense defined outside of this chapter" (Penal Law, § 5.05, subd. 2). Any offense defined outside the chapter declared by law to be a felony without being classified shall be deemed a Class E felony (Penal Law, § 55.10, subd. 1). The sentences provided shall apply in the case of every offense whether defined within or outside of this chapter (Penal Law, § 60.00). The term for a Class E felony shall not exceed four years (Penal Law, § 70.00, subd. 2, par. [c]). The felony of driving while intoxicated is an unclassified felony which is thereby deemed a Class E felony.

Examination of the Reports of the Temporary Commission on Revision of the Penal Law reveals that it was the intention of that commission that "The Class and Category of an offense * * * govern the authorized sentence" (Third Interim Report of the Temporary Commission on Revision of the Penal

Law of Feb. 1, 1964, p. 16). Authorized dispositions were presented to the State Legislature in 1964 with the explanation that " *all* sentences must be in accordance with the sentencing provisions of the proposed Penal Law * * * *to prevent deviations* from the sentencing plan and also because the proposed sentencing structure *is applicable to all offenses, whether defined in or outside the Penal Law* " (Proposed New York Penal Law Introduced for Purpose of Study as Senate Intro. 3918, Assembly Intro. 5376 in the 1964 Legislature, Edward Thompson Co., p. 257; emphasis supplied). It is clear that an unclassified felony defined outside the Penal Law, as was the crime of driving while intoxicated in this case, is automatically classified an E felony and the Penal Law provisions govern in the case of conflict between its provisions and those of the outside statute (i.e. Vehicle and Traffic Law, § 1192, subd. 5; *People* v. *Sansanese*, 17 N Y 2d 302, 305). This legislative intent is made evident from the opposite result which occurs in the case of disharmony between the Penal Law and outside enactment at the misdemeanor level. The penalty of the outside enactment applies in such cases because the Penal Law provides in cases of unclassified misdemeanors that when such sentence is imposed its term " shall be in accordance with the sentence specified in the law or ordinance that defines the crime " (Penal Law, § 70.15, subd. 3).

We conclude, therefore, that the sentencing court properly imposed a sentence provided for in the case of a Class E felony under the Penal Law,

MARSH, J. P., MOULE, SIMONS and HENRY, JJ., concur.

Judgment unanimously affirmed.