■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES C. RUDD, JR., Appellant. — Appeal from a judgment of the County Court of Broome County, rendered June 28, 1972, upon a verdict convicting defendant of driving with more than 0.15% of blood-alcohol content and driving while intoxicated. On October 23, 1971, at approximately 2:00 A.M., defendant was operating his automobile on Route 81 near the Town of Kirkwood. Two State Troopers noticed the defendant was driving at a slow rate of speed and weaving from lane to lane in a zigzag fashion. When they stopped the vehicle, they observed that defendant's speech was slurred, his breath smelled of alcohol, his eyes were bloodshot and he staggered while attempting to walk. He was arrested for driving while intoxicated and shortly thereafter voluntarily submitted to a breathalyzer test which registered a reading of 0.21% of blood alcohol. Subsequently he was indicted by the Grand Jury on two counts in violation of the Vehicle and Traffic Law: driving with 0.15% or more of alcohol in his blood in violation of subdivision 2 of section 1192, and driving while intoxicated in violation of subdivision 3 of section 1192. (These were labeled felony charges because of prior convictions of driving while intoxicated as provided in subdivision 5 of section 1192 of the Vehicle and Traffic Law.) A jury trial ensued, the court submitted the entire indictment to the jury and defendant was found guilty on both counts. He was sentenced to 6t .ys jail on one count and fined $500 on the other. Defendant contends that conviction of both subdivisions 2 and 3 of the Vehicle and Traffic Law for conduct arising from the same act constituted double jeopardy. He suggests, in support of this position, that since he could not be separately prosecuted on both of the counts (CPL 40.20, 40.40), a conviction of both at one time amounts to a double prosecution for the same offense. This reasoning lacks a basis, either in law or logic. The reason for double jeopardy prohibition is that a person should not be harassed by succession of trials and the very essence of it is a separate prosecution. Only then is a previous prosecution a bar to a second prosecution (CPL 40.20). Despite the singular rationale for the offenses established in section 1192 of the Vehicle and Traffic Law, namely; to reduce human suffering and carnage caused by drinking drivers, it is abundantly clear that subdivisions 2 and 3 were intended to be separate crimes, neither mutually inclusive nor mutually exclusive (*People* v. *McDonough*, 39 A D 2d 188). To suggest that the People should be compelled to elect between the two counts at any stage of the criminal proceedings would run counter to the intention of the Legislature which has determined that the

social evil in question warrants separate offenses. Two offenses may be joined in one indictment when they are based upon the same act or upon the same criminal transaction (CPL 200.20, subd. 2, par. [a]). After the trial of a multiple count indictment containing concurrent counts only (those which only concurrent sentences could be imposed) and if those counts are noninclusory (when the offense charged is not one greater than any of those charged in the others and when the latter are not all lesser offenses included within the greater), the court may in its discretion submit one or more or all thereof to the jury (CPL 300.40, subd. 3, par. [a]). Such was the procedure followed in this matter. Defendant further argues that the court erred in admitting the results of the breathalyzer test but the record reveals that all the requirements for admitting the test were satisfactorily met (*People* v. *Foster,* 27 N Y 2d 47, 51; *People* v. *Donaldson,* 36 A D 2d 37). Another ground for appeal relates to an obvious typographical error in the date of a prior conviction, which constituted no error since the defendant admitted the correct date in open court. In relation to the sentences, however, the defendant may not be both imprisoned and fined on the other by virtue of the fact that both offenses were committed through a single act or omission (Penal Law, § 80.15). The 60-day term of imprisonment and the fine of $500 cannot stand. Judgment of conviction affirmed, but sentence vacated, on the law, and matter remitted to the trial court for the purpose of resentencing. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.