Jesse M. Eisen, J.
The defendant was charged with a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law, operating a motor vehicle while she had .10 of 1% or more by weight of alcohol in her blood, and with a violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law, operating a motor vehicle while in an intoxicated condition. A trial was held before the court and jury. The charge by the court, informed the jury that it could find: (1) the defendant guilty or not guilty of violating subdivision 2 of section 1192; (2) guilty or not guilty of violating subdivision 3 of section 1192; or (3) while considering the latter charge, could find the defendant guilty or not guilty of violating subdivision 1 of section 1192 of the Vehicle and Traffic Law, operating a motor vehicle while her ability was impaired by *746 the consumption of alcohol, an infraction under the law. The jury found the defendant guilty or violating both subdivision 2 of 1192, and subdivision 1 of section 1192.
The defendant, by written motion, has requested that the verdict be set aside upon the ground that it was against the weight of the credible evidence, was inconsistent with the remainder of the jury’s verdict and was based upon an error in law.
The thrust of the motion was directed toward the guilty verdict with respect to subdivision 2 of section 1192. Section 1196 of-the Vehicle and Traffic Law permits conviction of a driver of violations of "subdivision one, two or three of section eleven hundred ninety-two, notwithstanding that the charge laid before the court alleged a violation of subdivision two or three of section eleven hundred ninety-two”. The defendant has maintained that it was improper to convict her of violating both subdivisions 1 and 2 of section 1192. This, despite the fact that the result of the breathalyzer test admitted into evidence showed that at the time of the test that the defendant’s blood contained .21 of 1% by weight of alcohol.
The defendant has insisted, since section 1195 of the Vehicle and Traffic Law contains provisions regarding the evidentiary effect to be given to testimony concerning the per centum by weight of alcohol in a defendant’s blood up to .10 of 1% in determining whether the ability of a person to operate a vehicle was or was not impaired by the consumption of alcohol, that this dictates that subdivision 1 of section 1192, driving while impaired constitutes a lesser included offense of subdivision 2 of section 1192. As a consequence, it is claimed, she could not be convicted of both subdivision 1 and subdivision 2 of section 1192, and therefor that the verdict of guilty of subdivision 2 of section 1192 would have to be dismissed.
The defendant’s position may contain some element of logic but the law and cases indicate the reverse. The breathalyzer reading of over .10 of 1% by weight of alcohol in the blood does not necessarily mean that the defendant was intoxicated. However, under the statute it does say that if she is found guilty of this violation she has committed a misdemeanor. In other words, subdivision 2 of section 1192 is, in and of itself, a separate and distinct crime created by the Vehicle and Traffic Law and must be so treated.
In a recent case, People v Little (NYLJ, Feb. 5, 1975, p 17, col 1), the Appellate Term of the Ninth and Tenth Judicial *747 Districts said in part as follows: "In our opinion, under the language of the statute, the charge of the court and the jury’s verdict finding defendant guilty of driving with ten per cent of one percentum of alcohol in the blood (VTL sec 1192[2]) and guilty of driving impaired (VTL 1192[1]), the lesser included offense of driving while intoxicated, (VTL sec 1192[3]), was proper.”
The court holds that the jury’s verdict convicting this defendant of violating both subdivisions 1 and 2 of section 1192 of the Vehicle and Traffic Law should not be disturbed. Further, that the said verdict was not against the weight of the credible evidence, was not inconsistent and was not based upon an error in law.