Per Curiam.

Sections 1192 and 1196 of the Vehicle and Traffic Law are, by express legislative design, inextricably interrelated (see L 1970, ch 275, §§ 3, 6; Memorandum of Senator Caemmerer, NY Legis. Ann., 1970, pp 364-365; Governor’s Approval Memorandum, NY Legis. Ann., 1970, pp 482, 483). A simplified traffic information charging a violation of subdivision 3 of section 1192 gives ample notice to a defendant that, pursuant to section 1196, he faces the possibility of a conviction under subdivisions 1 or 2 of section 1192 (see People v Fielder, 78 Misc 2d 7 [App Term]; but see People v Meikrantz, 77 Misc 2d 892, 903).
True, subdivisions 1, 2 and 3 of section 1192 proscribe separable offenses based upon the degree of impairment caused by alcohol ingestion (see People v Rudd, 41 AD2d 875; People v McDonough, 39 AD2d 188, 189). The three subdivisions, however, closely overlap and are but species of the generic offense of "Operating a motor vehicle while under the influence of alcohol” (Vehicle and Traffic Law, § 1192). Hence, a simplified traffic information charging a violation of subdivision 3 of section 1192 gives notice of the generic offense, and, perforce, sufficient notice of the possibility of conviction under subdivisions 1 or 2 (cf. People v Carcel, 3 NY2d 327, 331, and People v Todaro, 26 NY2d 325, 330, stating the rules that although a defendant is charged with a violation of a specific subdivision of sections 240.20 [disorderly conduct] and 240.05 [harassment] of the Penal Law, a conviction will be affirmed if the evidence establishes a violation of any of the subdivisions of these sections). Section 1196 is, therefore, constitutionally valid. The distinctions involved are no greater, and, indeed, are less than those involved in the *391 charging and conviction for lesser or included offenses in the criminal law.
Accordingly, the order of the County Court should be reversed, and the case remitted to that court for a determination of the facts in accordance with CPL 470.40 (subd 2, par [b]).