THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH YOST, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered October 4, 1974, convicting him of operating a motor vehicle while under the influence of alcohol, as a felony (Vehicle

and Traffic Law, § 1192, subd 3), upon a jury verdict, and imposing a sentence of five years' probation, a fine of $500 or 60 days in jail, and revocation of his driver's license. Judgment reversed, on the law, and new trial ordered. We conclude that there were erroneous rulings by the trial court which were prejudicial to defendant and deprived him of a fair trial. One such ruling was the denial of defendant's motion to preclude the prosecution from using his prior drunk-driving record as a means of impeachment. We find that, under the circumstances of this case, such denial was an abuse of discretion. In the fact-finding process, cross-examination of a defendant with respect to his prior criminal, vicious or immoral acts may be allowed solely to impeach his credibility. "Evidence of prior specific criminal, vicious or immoral conduct should be admitted if the nature of such conduct or the circumstances in which it occurred bear logically and reasonably on the issue of credibility" *(People v Sandoval,* 34 NY2d 371, 376). Here, defendant's prior conduct had no such bearing upon his credibility. His prior crime had to do with alcohol and, as recognized in *Sandoval,* "crimes or conduct occasioned by addiction or uncontrollable habit, as with alcohol or drugs * * * may have lesser probative value as to lack of in-court veracity" *(supra,* p 377). Then too, "questions as to traffic violations should rarely, if ever, be permitted" *(People v Sandoval, supra,* p 377). Cross-examination with respect to crimes similar to the one for which a defendant is being tried "may be highly prejudicial" *(People v Sandoval, supra,* p 377; see, also, *People v Duffy,* 44 AD2d 298, 303). Again, as noted in *Sandoval (supra,* p 378): "In weighing prejudice to the defendant's right to a fair trial, an important consideration may be the effect on the validity of the fact-finding process if the defendant does not testify out of fear of the impact of the impeachment testimony for reasons other than its direct effect on his credibility". Here, defendant, the only witness who could have supplied testimony in his own defense, decided not to testify in the light of the trial court's denial of his motion to preclude reference to his prior offense. There was also error in refusing defendant's request to charge the lesser included offense of operating a vehicle while impaired (Vehicle and Traffic Law, § 1192, subd 1). Subdivisions 1, 2 and 3 of section 1192 proscribe separable offenses based upon the degree of impairment caused by alcohol ingestion. The three subdivisions "closely overlap and are but species of the generic offense of 'Operating a motor vehicle while under the influence of alcohol' " *(People v Farmer,* 36 NY2d 386, 390). It is impossible, in other words, to commit the crime of driving while intoxicated without committing, by the same conduct, the offense of driving while impaired (see *People v Williams,* 47 AD2d 262, 265). In certain cases the proof may be such that a charge of the lesser offense of driving while impaired would not be proper. Those cases, of course, would be where " 'every possible hypothesis' " *but* the higher crime was excluded (see, e.g., *People v Donaldson,* 36 AD2d 37, 41). In this case, however, where there was no scientific determination of intoxication, the trial court should have charged the lesser offense as requested by defendant. Finally, were we not ordering a new trial, we would be required to remand to the County Court for resentencing. A proper sentence for the conviction here (a Class E felony) must be found in the Penal Law (§§ 55.10, 60.01, 70.00) and not in the Vehicle and Traffic Law (see *People v Messinger,* 35 NY2d 987; *People v Bouton,* 40 AD2d 383). A sentence of a fine *and* probation was improper. We find no fault with the revocation of defendant's driver's license (see Penal Law, § 60.30). Rabin, Acting P. J., Margett and Munder, JJ., concur; Martuscello and Cohalan, JJ., dissent and vote to affirm as to the conviction, but to reverse the

sentence and remand the case to the County Court for resentence, in accordance with the following memorandum: Although we find no merit in defendant's contentions with respect to the trial court's rulings, we would nevertheless reverse as to the sentence and remand the case to the County Court for resentence. A proper sentence upon a conviction for this crime must be found under sections 55.10, 60.01 and 70.00 of the Penal Law and not under the Vehicle and Traffic Law (see *People v Messinger,* 35 NY2d 987, affg 43 AD2d 15; see, also, *People v Bouton,* 40 AD2d 383, *supra* ). Thus the sentence, which imposed both a fine and probation, was invalid as a matter of law. We find no fault with the revocation of defendant's driver's license ·(see Penal Law, § 60.30).