Ernest L. Colucci, J.
The defendant has moved to dismiss a simplified information charging him with violating subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law on the basis that the statute is unconstitutionally vague. Argu *635 ment was heard October 14, 1976 and I reserved decision because the Fourth Department, Appellate Division, was then considering the case of People v St. Ours (54 AD2d 1080). The Appellate Division has just rendered a decision unanimously affirming the judgment, St. Ours’ conviction, stating that it did not reach the issue of the constitutionality of subdivision 1 of section 1192 of the Vehicle and Traffic Law.
People v Farmer (36 NY2d 386) held that section 1196 of the Vehicle and Traffic Law was constitutional. Subdivision 1 of section 1192, defining driving while ability impaired, defines a violation and not a crime; subdivision 3 of section 1192, defining driving while intoxicated, defines a crime. The defendant maintains that the boundary between the two is not clear, because the common-law definition of intoxication set out in People v Weaver (188 App Div 395), defined intoxication as a condition which impairs ability to operate a motor vehicle.
However, section 1195 differentiates between intoxicated and impaired depending on the blood alcohol level. If section 1195 is read with section 1192, there is a clear line between impaired and intoxicated. If the defendant has not been tested for blood alcohol level, however, the line of demarcation is less clear. Weaver stated that any degree of impairment, "however slight,” was to be considered by the jury as intoxication; under the then controlling statute, the degree — scale for finding a defendant guilty of driving while intoxicated ranged from slight impairment to substantial impairment.
The proof against St. Ours could leave no reasonable doubt in anyone’s mind that the defendant’s ability to drive was more than merely impaired. The defendant stopped his car across two lanes on a busy highway, Sheridan Drive, and then told the police that everything was all right, that the car had been parked there all night long. The defendant was too drunk to walk.
Such proof left no doubt as to the nature of the offense prohibited. If a defendant submits to chemical tests, then the Vehicle and Traffic Law is sufficiently clear and is constitutional. It may be that either a chemical test will be required or that the indictment or information and proof must show that the defendant was very, very drunk to sustain an indictment or information for driving while intoxicated.
On the other hand, the indictment or information may not be clear in a case in which a defendant has not submitted to *636 chemical analysis. In such a case the information must be limited to a charge that the defendant’s ability to drive was impaired.
Mr. Kapsuris submitted to a chemical test. The information so charges and I therefore remand this case for trial.