William G. Coleman, J.
The defendant was arrested on August 5, 1976 and charged by Trooper T. J. Kenny with driving while intoxicated, a violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law.
When this matter came on for trial without a jury, the Assistant District Attorney and counsel for the defendant agreed that there was no dispute on the facts and that the *632 only substantial question was one of law to be decided by the court. Accordingly, they stipulated as follows:
"On August 5, 1976 at approximately 7:00 p.m. the defendant’s vehicle was observed by Trooper Kenny traveling in an easterly direction on the Youngman Highway. He clocked said vehicle at 31 miles per hour in a 55 mile per hour zone. He also observed that the defendant’s vehicle was swerving slightly. Another vehicle traveling in the same direction was almost sideswiped by that of the defendant. At that point Trooper Kenny stopped the defendant’s vehicle and began talking to him. When he asked for his license and registration the trooper observed that the defendant had some difficulty speaking, that his eyes were bloodshot and that in the opinion of the trooper the defendant was 'in an intoxicated condition.’ He also noted that the defendant was neatly dressed.”
"The trooper then took the defendant to the Clarence Substation of the State Police and a breathalyzer test was administered by Sergeant V. E. Baron. In performing the test a normal operations checklist was used, the calibration of the machine and the analysis of the equilibrating solution were proper; the ampules used were normal in all respects, the machine had been calibrated weekly and appeared to be in proper working condition. A blood alcohol reading of .15 was obtained.”
The parties stipulated that if Trooper Kenny and Sergeant Baron were called they would testify to all of these items. At that point both sides rested and the defendant’s attorney moved to dismiss the charges of driving while intoxicated. The court reserved decision.
Both Assistant District Attorney Paul McCarthy and defendant’s counsel Robert Murphy, were aware that in a prior ruling this court had found subdivision 3 of section 1192 of the Vehicle and Traffic law unconstitutional. (See People v LaPlante, 81 Misc 2d 4.) They were also aware that the Appellate Division, Fourth Department, in People v St Ours (54 AD2d 1080) as recently as November 5, 1976 had considered the question of the constitutionality of section 1192 but had avoided ruling on that issue in rendering its decision.
They also brought to this court’s attention that in a recent decision of the County Court of Erie County had cast some new perspective on the constitutional issue. This was People v Kapsuris (89 Misc 2d 634), decided on November 29, 1976. We *633 are advised that the County Court’s opinion has now been accepted for publication by the State Reporter.
If the County Court has overruled People v LaPlante (supra) we are bound in this and all future cases to respect and follow the same. On closely reading the County Court’s decision we are certain that the court has upheld the constitutionality of subdivision 3 of section 1192, at least in part. In doing so it has recognized that difficult problems of proof exist in distinguishing between driving while intoxicated and driving while impaired. We believe that the court has established the following guidelines:
(1) If there has been no blood alcohol test, the proof required to convict for driving while intoxicated must be overwhelming. "It may be that either a chemical test will be required or that the indictment and proof must show that the defendant was very, very drunk to sustain an indictment for driving while intoxicated.” (People v Kapsuris, supra, p 635.)
(2) Section 1195 of the Vehicle and Traffic law defines a clear line between impaired and intoxicated if there has been a blood alcohol test. "If section 1195 is read with section 1192, there is a clear line between impaired and intoxicated.” (People v Kapsuris, supra, p 635.)
Upon analyzing the second guideline, we cannot believe that the County Court intended to make binding upon all courts in Erie County a conclusive presumption that any blood alcohol reading beyond .09999 means that a person is intoxicated. Instead, we believe that the County Court intended merely that a rebuttable presumption arises at .10 that a person is intoxicated. To conclude otherwise and to treat the presumption as being irrebuttable, one would have to ignore the wording of section 1195 (subd 2, par [c]) which reads in part as follows: "Evidence that there was no more than .07 of one per centum but less than .10 of one per centum by weight of alcohol in Ms blood shall be prima facie evidence that such person was not in an intoxicated condition(Emphasis supplied.)
In People v Gmitter (81 Misc 2d 745), the result of the breathalyzer test admitted into evidence showed that at the time of the test the defendant’s blood contained .21 of 1% by weight of alcohol. The court refused to set aside the verdict of a jury finding the defendant guilty of both subdivision 2 of 1192 (driving with more than .10 of 1% of alcohol in the blood) and subdivision 1 of 1192, (driving while impaired) *634 stating (p 747): "said verdict was not against the weight of the credible evidence, was not inconsistant and was not based upon an error in law.”
If a person is intoxicated, he is no more or less so because a blood alcohol test has been administered. If the proof necessary to sustain a conviction without a test, is that a defendant must have been "very, very drunk” the same standard must apply when there is a test. Consequently, even after a blood alcohol reading of .10 or greater has been admitted into evidence, any proof indicating that the defendant was not "very, very drunk” would tend to upset the presumption of intoxication.
In the instant case, the stipulated facts fall far short of proving beyond a reasonable doubt that the defendant was "very, very drunk”. Accordingly, and following the standards set forth by the Erie County Court in People v Kapsuris, I find the defendant is not guilty of driving while intoxicated but is guilty of driving while impaired, a violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law.