OPINION OF THE COURT

Per Curiam.

Judgment of conviction rendered on December 1, 1975 (Hertz, J.) is affirmed.
Defendant was arrested after a police officer, assigned to the Pickpocket and Confidence Squad, allegedly observed the defendant and another, acting in concert, accost an individual in *823 a public place with intent to defraud him by means of a confidence game commonly known as the "handkerchief switch.”
The defendant entered a plea of guilty to violation of section 165.30 of the Penal Law, fraudulent accosting, and was sentenced to a term of 80 days’ imprisonment. The defendant now challenges the constitutionality of section 165.30 of the Penal Law.
Section 165.30 of the Penal Law, as amended in 1971, provides as follows:
"1. A person is guilty of fraudulent accosting when he accosts a person in a public place with intent to defraud him of money or other property by means of a trick, swindle or confidence game.
"2. A person who, either at the time he accosts another in a public place or at some subsequent time or at some other place, makes statements to him or engages in conduct with respect to him of a kind commonly made or performed in the perpetration of a known type of confidence game, is presumed to intend to defraud such person of money or other property. Fraudulent accosting is a class A misdemeanor.”
Prior to its 1971 amendment, section 165.30 of the Penal Law had read: "A person is guilty of fraudulent accosting when he accosts a person in a public place and, either at that time and place or subsequently in any place, he makes statements to such person of a sort commonly made or used in the perpetration of a known type of confidence game. Fraudulent accosting is a class A misdemeanor.”
In People v Harris (64 Misc 2d 510) this court found the statute, prior to its amendment, to be unconstitutional, lacking, as it did, any requirement of fraudulent intent, and in addition creating the apparent necessity of police expert testimony for the establishment of criminality. The issue before us now is whether the amendment to the statute was cosmetic or curative of those defects previously found.
We note that in 1972 the Court of Appeals affirmed the Appellate Term, Second Department, in People v Harris (30 NY2d 544) in its affirmance of a conviction pursuant to section 165.30 of the Penal Law, as amended. In that case the defendant was convicted of fraudulent accosting subsequent to a trial wherein a police officer was the sole witness.
A strong presumption of validity attaches to a statute, and *824 the burden of proving invalidity is upon those who challenge the statute to prove such invalidity beyond a reasonable doubt (People v Scott, 26 NY2d 286; Matter of Van Berkel v Power, 16 NY2d 37). A criminal statute need only describe the proscribed conduct with a reasonable degree of certainty, such that the statute convey to one of ordinary experience and understanding an understanding of the acts prohibited (Boyce Motor Lines v United States, 342 US 337).
We view the general character of the terms of the statute at issue from the perspective that the specified statute is not expected to delineate all statements and actions which might be calculated to swindle a member of the public (see Hechtman, Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 165.30). The crime of fraudulent accosting, nebulous by its very nature, is sufficiently defined by the amended statute so as to give a reasonable man, of average intelligence, sufficient notice of what is proscribed thereby. Accordingly, we find section 165.30 of the Penal Law, as amended, to be constitutional.
Concur: Tierney, J. P., Riccobono and Asch, JJ.