OPINION OF THE COURT
Howard E. Goldfluss, J.
The defendant herein is indicted and charged with operat *299 ing a motor vehicle while under the influence of alcohol. He now moves to dismiss the indictment on the ground that section 1192 of the Vehicle and Traffic Law is unconstitutionally vague in that it fails to clearly include what conduct is proscribed and fails to define the elements of the prohibited offense with appropriate clarity so as to fix an "ascertainable and immutable standard of guilt.” (See Winters v New York, 333 US 507.) The pertinent portions of the statute (Vehicle and Traffic Law, § 1192) objected to read as follows: "1. No person shall operate a motor vehicle while his ability to operate such motor vehicle is impaired by the consumption of alcohol. 2. No person shall operate a motor vehicle while he has .10 of one per centum or more by weight of alcohol in his blood as shown by chemical analysis of his blood, breath, urine or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this chapter 3. No person shall operate a motor vehicle while he is in an intoxicated condition.”
The crux of defendant’s argument is that the statute fails to set forth definite elements nor does it distinguish between driving while impaired and driving while intoxicated.
The People contend that section 1195 of the Vehicle and Traffic Law referring to chemical test evidence does that very thing. It provides that .05% or less of blood alcohol content is prima facie evidence of neither impairment nor intoxication; that more than .05 but less than .07 is relevant evidence in determining the question of impairment and prima facie evidence of non-intoxication; that more than .07 but less than .10 is prima facie evidence of impairment and prima facie evidence on non-intoxication.
The defendant contends that this statute does not overcome the vagueness as to what constitutes impairment; and that although chemical analysis and the results thereof are provided for, it is singularly bereft of any definition of or standard to govern criminal culpability with respect to intoxication.
The defendant in this instant case exercised his right to refuse to be tested. However, his contention is that the vagueness of the statute is still a constitutional impairment, even though the results of such test, which are automatically available to him as a matter of right would, in fact, put him on notice as to the specifics of the charge. (See People v Seaman, 64 Misc 2d 684; Vehicle and Traffic Law, § 1194, subd *300 6.) By this posture, it appears that the defendant seeks the best of both worlds, and it is difficult to reconcile such position with logic. By reason of his refusal, the People are naturally unable to introduce scientific evidence of his condition. They now seek, therefore, to prove their case by other evidence of intoxication. According to the People’s papers, they will show that shortly after an accident in which the defendant was involved, police officers arrived at the scene. They will describe that they smelled alcohol on the defendant’s breath; they observed that his eyes were bloodshot and watery; that he could not intelligibly answer civil questions and they saw him slump over the wheel and fall to the floor. It has been repeatedly held that evidence of intoxication other than that of chemical results and analysis is admissible by testimony of a lay person (see Matter of Sowa v Hults, 22 AD2d 730, wherein there was testimony of operating the car in an erratic manner and swaying walk; People v Butts, 21 Misc 2d 799, testimony of color of face and eyes, arrangement of clothes and attitude).
The future testimony of the police officers at the trial is now known by the defendant and he is apprised of the factual basis for the charges.
The definition as set forth in the statute is not vague. Impairment and intoxication are defined qualitatively, and will be established in this case by police witnesses. The difference between intoxication and impairment is a matter of degree. A jury will decide if in fact a consumption of alcohol by this defendant had a significant effect on the defendant’s mental state and physical control of his vehicle. If that loss of control is less than that would be exercised by a reasonable prudent driver, he would be guilty of driving while his ability was impaired in violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law. If the loss of control were of higher degree, the jury, after being properly charged on the law, could determine that subdivisions 2 or 3 were violated. Certainly, the degrees as proved in subdivisions 1, 2 and 3 are separable offenses based upon impairment caused by alcohol ingestion (see People v Rudd, 41 AD2d 875). But, the Court of Appeals in People v Farmer (36 NY2d 386, 390) finds that they closely overlap and are "but species of the generic offense of 'operating a motor vehicle while under the influence of alcohol’ ” (Vehicle and Traffic Law, § 1192).
It was on this basis that the court found on prior occasions *301 that a simplified traffic information charging with violations of subdivision 3 of section 1192, gives notice of the generic offense and, therefore, sufficient notice of the possibility of conviction under subdivisions 1 and 2 (see People v Carcel, 3 NY2d 327; People v Todaro, 26 NY2d 325). As was pointed out in People v Farmer (36 NY2d 386, 390-391) the distinctions involved in section 1192 are "no greater, and, indeed, are less than those involved in the charging and conviction for lesser or included offenses in the criminal law.” These findings by the Court of Appeals would appear to dispel any claim of unconstitutionality by the defendant on the ground that the statute fails to define the elements with appropriate clarity so as to fix an "ascertainable and immutable standard of guilt”.
Defendant also seeks to suppress testimony concerning defendant’s refusal to be tested. Any decision on such suppression at this time by this court would in its judgment interfere with the sound discretion of the trial court before which this issue is sure to arise. There is no way of knowing at this time if the question will be asked on direct examination of the officer or on cross-examination of the defendant if he elects to testify. There is no way of knowing under what other circumstances this question may be asked which could affect the court’s ruling.
For this reason, the issue of suppression is respectfully referred to the trial court for determination.
Motion to dismiss is denied.