OPINION OF THE COURT

Per Curiam.

Order of the Criminal Court of the City of New York, Bronx County (Figueroa, J.), dated October 31, 1978, is affirmed.
Section 1192 of the Vehicle and Traffic Law which prohibits driving in either an "impaired” or an "intoxicated” condition is unconstitutionally vague in violation of the right to due process (US Const, 14th Arndt; NY Const, art I, § 6).
The due process clause requires that a criminal statute be sufficiently definite to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute (Colautti v Franklin, — US —, 47 USLW 4094, 4097). Also, the statute must provide explicit standards for the policemen, Judges and juries who apply it so that resolution of individual cases is not on an ad hoc and subjective basis (People v Smith, 44 NY2d 613, 618-619; Grayned v City of Rockford, 408 US 104, 108-109). The statute in question does not define either "impaired” or "intoxicated.” This is especially critical in applying the subject statute since driving whle impaired (Vehicle and Traffic Law, § 1192, subd 1) is a violation and driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 3) is a crime.
The court below aptly noted that "[t]hese sections are vague because men of common intelligence must necessarily guess at their meanings and differ as to their applications. A person is not able, from the face of the statute, to know in advance whether his actions are criminal or not.” To this we add the observation that not only the citizenry are left to guess and differ but the courts of the State have also rendered conflicting and varying definitions as to the term "intoxication” as used in the statute. One court has found a driver must be *636 "very, very drunk” in order to be convicted of a misdemeanor under subdivision 3 (People v Barrett, 89 Misc 2d 631, 634 [Town Ct of Tonawanda, Erie County]; see, also, People v Kapsuris, 89 Misc 2d 634, 635 [Erie County Ct]). In People v Graser (90 Misc 2d 219, 224) the Town Court of Amherst, Erie County, observed with commendable candor: "Can we say that to be impaired means that the defendant is less drunk than if he were intoxicated, and, that to be intoxicated means that he is more drunk than if he were impaired? — We have so charged juries innumerable times, but have never felt satisñed nor comfortable with that statement(Emphasis added.) Other courts have held that proof of a substantial degree of impairment is required, compared to the driver’s own normal judgment and ability (People v Miller, 83 Misc 2d 118, 119 [Town Ct of Webster, Monroe County]; People v Little, NYLJ, May 10, 1978, p 15, col 6 [Sup Ct, Westchester County]). A court in The Bronx held that "[t]he difference between intoxication and impairment is a matter of degree.” If the loss of physical control of the vehicle, reasoned the court, is less than that which would be experienced by a reasonably prudent driver, the defendant would be guilty of driving while "impaired.” If the loss of control were of a higher degree, the jury could determine that the defendant was guilty of "intoxication.” (People v Bradford, 96 Misc 2d 298, 300 [Sup Ct, Bronx County].)
It is a well-established principle that "vagueness” challenges to statutes, which do not involve First Amendment freedoms, must be examined in the light of the facts of the case at hand (United States v National Dairy Corp., 372 US 29; United States v Mazurie, 419 US 544).
The information in the instant case charged defendant with violating an unspecified subdivision of section 1192 of the Vehicle and Traffic Law. It does not establish that under the circumstances of defendant’s arrest, he was either obviously drunk, or his ability to drive was merely impaired. Thus, a defendant who was very, very drunk, or so charged would clearly violate the statute and the language therein could not be held to be constitutionally vague. Thus, in People v Farmer (36 NY2d 386, 391) a driver charged with a misdemeanor who had .21 of 1% by weight of alcohol in his blood was convicted under subdivision 2, which requires only .10 of 1%. Judge Fuchsberg, in a concurring opinion, referring to the legislative intent in enacting sections 1192 and 1196 of the Vehicle *637 and Traffic Law to reduce highway injuries and deaths pointed out (p 392) that "[w]hile such legislative intent is laudable, it may not impair the due process requirement for providing a defendant with notice of an offense charged. (In re Oliver, 333 US 257.)”
In a case such as Farmer and United States v Channel (423 F Supp 1017) where the defendant was also "highly intoxicated,” there has been no difficulty in determining that there has been no denial of due process.
These cases are inapposite to the case at bar, however. In the case before this court, the defendant’s driving ability may have been only slightly diminished, and no chemical test results were available. Under these facts, the statute provides no ascertainable standards for a trial court to apply to defendant’s acts and thus is constitutionally vague. Accordingly, the order appealed from should be affirmed.