Hughes, J. P.
(dissenting). I respectfully dissent and would vote to reverse the order appealed from and to reinstate the information.
Defendant was arrested on January 28, 1978 and charged with resisting arrest (Penal Law, § 205.30) and operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law, § 1192). At the preliminary hearing on February 15, 1978, Police Officer Daniel Marrone testified that he observed defendant go through a red light, and after stopping him, smelled alcohol on his breath. Defendant refused to submit to a breathalyzer test and/or a chemical test. At the conclusion of the hearing, the charge of resisting arrest was dropped. Thereafter, defendant moved to dismiss the remaining charge under section 1192 of the Vehicle and Traffic Law on the ground that the statute is unconstitutionally vague on its face and violates due process under the Fourteenth Amendment of the United States Constitution and section 6 of article I of the New York State Constitution.
Although defendant’s attorney’s affirmation in support of that motion alleges that the accusatory part of the information fails to adequately designate the offense charged, in an amended answering affirmation, the People disclose that subpoenaed police department records show that defendant stated the charge against him to be subdivision 3 of section 1192 of the Vehicle and Traffic Law. This specific charge is also contained in a judicial subpoena issued by the criminal court.
*638 Defendant’s argument in his motion papers was that the charge of violation of section 1192 of the Vehicle and Traffic Law in the accusatory instrument, based on the arresting police officer’s deposition, failed to inform him sufficiently to defend the charge. This argument was based in part upon the alleged failure to indicate the subdivision of the statute under which defendant was being charged.
The arresting officer’s affidavit alleges "that at the aforementioned date, time and location the defendant did operate a motor vehicle while under the influence of alcohol in that defendant was observed by the deponent driving his vehicle in an irratic [sic] and reckless manner. Deponent further states, that the defendant’s eyes were watery and bloodshot, his speech was slurred and the defendant was unsteady on his feet, and his breath bore the odor of alcohol.”
In its decision dated October 31, 1978 granting the motion dismissing the information, the court (Figueroa, J.) found that subdivisions 1 and 3 of section 1192 of the Vehicle and Traffic Law fail to meet due process requirements of the Fourteenth Amendment of the United States Constitution and section 6 of article I of the New York Constitution, by failing to provide any useful guideline to distinguish between impairment (subd 1) and intoxication (subd 3), so that "[t]he average citizen is unable to determine when his next drink will push him over the precipice from a violation for impairment to a violation for a crime of intoxication.” The ambiguity or vagueness of the statute makes it necessary, in the opinion of the court below, for men of common intelligence to guess at their meanings. "A person is not able, from the face of the statute, to know in advance whether his actions are criminal or not. The statute thus violates the first essential of due process of law.”
A conviction for impairment under subdivision 1 of section 1192 is an infraction whereas a subdivision 3 of section 1192 conviction is a misdemeanor carrying a penalty of a maximum term of one year, a fine up to $500, or both. A conviction of either subdivision 2 or 3 within 10 years of a previous violation of either of these subdivisions constitutes a felony.
The court below applied the guideline enunciated by the United States Supreme Court in Connally v General Constr. Co. (269 US 385, 391) "[t]hat the terms of a penal statute * * * must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them *639 liable to its penalties * * * and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.” It found that section 1192 of the Vehicle and Traffic Law does not clearly indicate what it is one has the duty to avoid and is neither informative on its face nor so clear and positive as to give unequivocal warning to citizens of the rule to be obeyed, citing People v Firth (3 NY2d 472); People v Vetri (309 NY 401); People v Caswell-Massey Co. (6 NY2d 497); People v Diaz (4 NY2d 469). The court found the most important criterion of statutory constitutionality to be whether a person is able to know in advance whether his actions are criminal or not (Tozer v United States, 52 F 917; and People v Bevilacqua, 12 Misc 2d 558).
The pertinent sections of the statute defendant claims to be unconstitutionally vague are as follows:
"1. No person shall operate a motor vehicle while his ability to operate such motor vehicle is impaired by the consumption of alcohol.”
"3. No person shall operate a motor vehicle while he is in an intoxicated condition.”
Section 1192 of the Vehicle and Traffic Law as originally enacted contained only a prohibition against driving while intoxicated. In 1960, a new subdivision prohibiting driving while one’s ability was impaired by alcohol was added. It provided, however, that no conviction could be had on a not guilty plea unless the defendant had submitted to a chemical test and the results showed .10 of 1% or more of alcohol in his blood. Impairment, under the 1960 statute, was ascertainable under the measurement standard included in subdivision 1. With the re-enactment of the statute in 1970, reference to the requirement of a chemical test for proof of impairment under subdivision 1 was eliminated. Under subdivision 2 of the new section 1192 of the Vehicle and Traffic Law, a person is prohibited from operating a motor vehicle while he has a .10 of 1% or more of alcohol in his blood as determined by a chemical test.
The statutory change of standards of proof for subdivision 1 made it possible to prove impairment under subdivision 1 by observational testimony alone. This change, however, the court below said, fails to give defendant adequate notice, beforehand, of the line of demarcation between impairment *640 and intoxication and without a definitive test, the meanings of the terms, impairment and intoxication, make it possible for one person to be convicted of an infraction for impairment, and another of a misdemeanor for intoxication, for the same act. Nor did the court find the enactment of section 1195 of the Vehicle and Traffic Law together with the new section 1192, setting forth standards of alcohol-blood levels as prima facie evidence of impairment or intoxication, an adequate substitute for the provisions under the former statute. The court notes that section 1195 has no application where for any one of several reasons a chemical test has not been made.
In People v Farmer (36 NY2d 386) the constitutionality of section 1196 of the Vehicle and Traffic Law was upheld in a decision which is interpreted as establishing impairment under subdivision 1 of section 1192 as a lesser included offense of intoxication under subdivision 3.
In its decision, the Court of Appeals found that subdivisions 1, 2 and 3 proscribe separable offenses based on the degree of impairment, but they closely overlap and are species of the generic offense of "Operating a motor vehicle while under the influence of alcohol”, so that a simplified traffic information charging a violation of subdivision 3 of section 1192 gives ample notice to a defendant,, that pursuant to section 1196, he faces the posibility of a conviction under subdivisions 1 or 2 of section 1192.
"The distinctions involved are no greater, and, indeed, are less than those involved in the charging and conviction for lesser or included offenses in the criminal law” (pp 390-391).
The challenge to subdivisions 1 and 3 of section 1192 in the case at bar is the failure to define "impaired” and "intoxicated” so as to establish defendant’s guilt or innocence in the absence of chemical text evidence.
"A strong presumption of validity attaches to a statute, and the burden of proving invalidity is upon those who challenge the statute to prove such invalidity beyond a reasonable doubt (People v Scott, 26 NY2d 286; Matter of Van Berkel v Power, 16 NY2d 37). A criminal statute need only describe the proscribed conduct with a reasonable degree of certainty, such that the statute convey to one of ordinary experience and understanding of the acts prohibited (Boyce Motor Lines v United States, 342 US 337).” (People v Reid, 95 Misc 2d 822, 823-824.)
In cases where the evidence disclosed beyond a reasonable *641 doubt that the defendant was "highly intoxicated” (United States v Channel, 423 F Supp 1017, 1018) the courts had little difficulty in determining that there was no denial of due process, even where it found that "the standard 'intoxicated’ in the Maryland statute pertaining to driving while intoxicated, is seemingly capable of more precise definition.”
"It is well established that vagueness challenges to to statutes which do not involve First Amendment freedoms must be examined in the light of facts of the case at hand. United States v National Dairy Products Corp., 372 U.S. 29, (1963).” (United States v Mazurie, 419 US 544, 550.)
Whether the charges against defendant support a conviction for driving while intoxicated under subdivision 3 of section 1192 in the absence of chemical test evidence, the arresting officer’s description of defendant driving his vehicle in an erratic and reckless manner, and his observation that defendant’s eyes were watery and bloodshot, his speech slurred and that he was unsteady on his feet, with the odor of alcohol on his breath, informs defendant sufficiently of the factual basis for the charge, and of the possibility of conviction for impairment under subdivision 1 of section 1192.
The terms impairment and intoxication are not terms whose meanings are "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application”, in violation of the essentials of due process (Connally v General Constr. Co., 269 US 385, 391). The difference between subdivisions 1 and 3 is obviously a matter of degree, so that as here, in the absence of chemical test evidence, it is reasonably understood that evidence of the defendant’s physical condition and control of his vehicle will be introduced to establish the charge against him, and that a conviction can only be had where the proof is established beyond a reasonable doubt. Proof of conduct consistent with intoxication is "the most telltale, objective item of proof to be anticipated at trial of the subdivision 3 of section 1192 charge.” (People v Farmer, 36 NY2d 386, 394, supra.)
Lastly, defendant’s contention that the charge of violation of section 1192 in the accusatory instrument failed to indicate the subdivision defendant was being charged with and therefore failed to inform him sufficiently to defend the charge also fails upon an analysis of People v Farmer (supra). As noted therein (p 390) "a simplified traffic information charging a violation of subdivision 3 of section 1192 gives notice of the *642 generic offense, and, perforce, sufficient notice of the possibility of conviction under the subdivisions 1 or 2”.
The issue is not whether the defendant knew that the last drink might render him "impaired” or "intoxicated”. It is enough for him to know that if he drinks and drives that he runs the risk of violating the Penal Law with respect to safe driving. A felon who steals a watch may not know whether its value may convert him into one who commited petty or grand larceny. The statute involved in this case may be turgid, but it is clear enough to escape its being unconstitutional.
As a lesser included offense of the crime charged, there is no constitutional barrier to conviction for impairment, where the accusatory instrument alleges facts sufficient to establish the uncharged violation. (People v Farmer, supra; People v Griffin, 7 NY2d 511; Paterno v Lyons, 334 US 314, 319-321.)
Concur: Riccobono and Asch, JJ.; Hughes, J. P., dissenting.