OPINION OF THE COURT
Leon N. Armer, J.
Defendant has been charged by indictment with driving while intoxicated as a felony in violation of subdivisions 2, 3 and 5 of section 1192 of the Vehicle and Traffic Law. He has moved for dismissal of the indictment on the grounds that subdivision 3 of section 1192 is unconstitutionally vague as heretofore found by decision passed upon an Appellate Term, First Judicial Department, in People v Cruz (NYLJ, July 10, 1979, p 5, col 1).
 As a court of original jurisdiction this court can accept and act upon a claim of unconstitutionality of a statute only when a conclusion of unconstitutionality is inescapable (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150), and here cannot and does not find a reasonable doubt as to the constitutionality of the statutes questioned.
The term "driving while intoxicated” as used in our penal statutes has long been known, since 1919, to mean "such a condition as impairs to some extent, however slight it may be, the ability of a person to operate an automobile” (People v Weaver, 188 App Div 395, 400).
In 1960 the Legislature added a new penal statute (Vehicle and Traffic Law, § 1192, subd 1): "No person shall operate a motor vehicle while his ability to operate such motor vehicle is impaired by the consumption of alcohol.”
Clearly the elements of the offense of driving while intoxicated and driving while impaired are identical (see People v Yost, 50 AD2d 577). Some argument has been advanced that to be guilty of the latter one must be drunk, but in the former "very, very drunk”. (See among Cruz and others, People v Barrett, 89 Misc 2d 631; People v Kapsuris, 89 Misc 2d 634.)
No legislative intent to create such a distinction appears. The Legislature has, in other instances, created offenses of different degrees but identical elements. (See People v Eboli, 34 NY2d 281; People v Discala, 45 NY2d 38 [coercion]; People v Lubow, 29 NY2d 58 [criminal solicitation as a misdemeanor and as a violation].) In such cases the prosecuting agency has an option as to the level of offense upon which it initially *1047 proceeds, and the lower, if not pressed, may at least in some instances be considered as a lesser included offense by the trier of facts. No different rationale should be applied in instant case. Indeed, by section 1196 of the Vehicle and Traffic Law, the Legislature has imposed the consideration of the lesser offense of driving while impaired. (See People v Farmer, 36 NY2d 386.) In so doing it seems to have no more than recognized that the myriad of fact situations which may occur relative to mixing alcohol and driving may range from but the mere careless to the most heinous, and, as touched upon in Discala and Eboli, deliberately provided a "safety-valve” mechanism in the judicial process for cases in which prosecution on the higher is chosen.
While the Legislature, in so doing, may have in the opinion of some been overly generous in permitting a jury to return a verdict of guilty of a mere traffic infraction on a charge originally placed as a felony, this court cannot revise the statute so as to harmonize it with conceptions of reason held by others (McKinney’s Cons Laws of NY, Book 1, Statutes, § 143).
The motion to hold subdivision 3 of section 1192 of the Vehicle and Traffic Law unconstitutional and dismiss thereon is denied.