■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE BROWN, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, Respondent.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), dated August 7, 1985, which dismissed the writ.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner's objection to the counts of the indictment charging him with robbery in the first degree on the ground that those counts failed to comply with the specificity requirement of CPL 200.30 (2), rendering them duplicitous, is an issue which could have been reviewed on his direct appeal from the judgment of conviction *(People v Brown,* 99 AD2d 684, *lv denied* 62 NY2d 648), provided it was preserved for appellate review *(see, People v Rosado,* 64 AD2d 172; *People v Smith,* 113 AD2d 905, 907; *People v Nicholson,* 98 AD2d 876). Hence, the claim is not subject to review by habeas corpus *(see, People ex rel. Phifer v Scully,* 107 AD2d 729). In any event, the issue is devoid of merit. Each count was drafted so as to clearly indicate the "particular subdivision or paragraph of the statu-

tory provision" being charged (CPL 200.30 [2]) and, therefore, "charges one offense only" (CPL 200.30 [1]). There is no requirement that the subdivisions be referred to by number (see, CPL 200.30 [2]).

We also reject the petitioner's contention that the indictment under which he was tried and convicted subjected him to double jeopardy. The prosecution of the petitioner for three separate counts of robbery in the first degree, per victim, under Penal Law § 160.15 (2), (3) and (4), for conduct arising from the same act or criminal transaction does not constitute double jeopardy (see, People v Rudd, 41 AD2d 875). Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.