The People of the State of New York, Respondent,
against
Faustino Sanchez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Jennifer G. Schecter, J.), rendered December 5, 2012, convicting him, upon a plea of guilty, of driving while intoxicated per se, and imposing sentence.




Per Curiam.
Judgment of conviction (Jennifer G. Schecter, J.), rendered December 5, 2012, affirmed.
Since defendant waived prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was legally sufficient to charge defendant with driving while intoxicated per se (see Vehicle and Traffic Law § 1192[2]), the offense to which defendant ultimately pleaded guilty. In this connection, the factual portion of the accusatory instrument alleged, inter alia, that defendant was in an automobile accident that caused "severe damage" to another vehicle; that he left the scene of the accident and "continued driving" his vehicle in an "intoxicated condition," exhibiting "watery and bloodshot eyes," slurred speech, the "odor of an alcoholic beverage on his breath;" and that his blood alcohol level was tested and "indicated that defendant had 0.168% of one per centum by weight of alcohol in defendant's blood." These factual allegations, "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), are sufficient for pleading purposes to establish reasonable cause to believe that defendant was guilty of driving while intoxicated per se (see People v Hernandez, 46 Misc 3d 151[A], 2015 NY Slip Op 50293[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1109 [2016]).
In any event, the accusatory instrument contained a facially sufficient charge of driving while intoxicated (see Vehicle and Traffic Law § 1192[3]; People v Fiumara, 116 AD3d 421 [2014], lv denied 23 NY3d 1036 [2014]). Vehicle and Traffic Law § 1192(9) specifically permits a conviction of driving while intoxicated per se on an accusatory instrument charging driving while intoxicated (see People v Farmer, 36 NY2d 386, 390 [1975]). We affirm on this basis as well. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: January 20, 2017