OPINION OF THE COURT
 

 Per Curiam.
 

 The issue on this appeal is whether Vehicle and Traffic Law § 1194 (7) (a)
 
 *
 
 requires a physician to be actually present, observing the procedure, when a laboratory technician draws a blood sample from a suspect for the purposes of conducting a test to determine its alcoholic or drug content. We disagree with County Court’s conclusion that the statute requires personal presence by the physician and conclude, instead, that the procedure employed here complied with the statute.
 

 City Court found, after hearing the testimony of the physician in charge of the emergency room and the technician who drew the blood sample, that the physician directed and supervised all activities in the emergency room and that he authorized the taking of the sample. Accordingly, the court ruled that he personally supervised the procedure within the meaning of the statute, notwithstanding that he may have been busy with another patient and did not personally witness the
 
 *478
 
 event. We agree that this evidence of personal supervision was sufficient to satisfy the statutory requirement.
 

 County Court’s reading of the statute to require that the physician stand by the technician’s side during the procedure conflicts with the apparent purpose of the statute. The 1969 amendment to section 1194, which first allowed lab technicians to draw blood samples, enlarged the class of authorized persons with the obvious purposes of making blood alcohol and drug content tests easier to obtain and relieving the burden on those already entitled to perform the procedure
 
 (see,
 
 L 1969, ch 669, § 1). Although the personal supervision of a physician is an important safeguard for the health of the suspects to be tested, it would be anomalous in light of the purposes of the amendment to require the physician to put his other duties aside to watch the technician perform the procedure. If that were the requirement, there would be no reason to allow the technician to take the sample in the first place.
 

 In our view, the concerns addressed by the supervision requirement are adequately served by the physician’s authorization of the test, which presumably reflects his medical judgment that it will not put the patient at risk, and his presence to respond to inquiries and emergencies.
 

 Accordingly, the order of the County Court should be reversed, the conviction reinstated, and the case remitted to Dunkirk City Court for further proceedings on the information.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacos a concur in Per Curiam opinion.
 

 Order reversed, etc.
 

 *
 

 At the time the blood sample was taken from defendant, the pertinent statute read: "No person except a physician, registered professional nurse, laboratory technician as classified by civil service or as registered by the American Society of Clinical Pathologists
 
 and under the personal supervision and direction of a physician,
 
 or registered physician’s assistant, acting at the request of a police officer shall be entitled to withdraw blood for the purpose of determining the alcoholic or drug content therein. This limitation shall not apply to the taking of a urine, saliva or breath specimen.” (Vehicle and Traffic Law § 1194 [7] [a] [emphasis added].) Although the statute has since been amended, the relevant language remains intact.