■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN C. EBNER, III, Appellant. [600 NYS2d 569] —Judgment unanimously reversed on the law and indictment dismissed. Memorandum: Defendant argues that the court erred in amending the indictment, which alleged a single count of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3). Prior to trial, the court granted the prosecutor's motion to amend the indictment to add a count of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2). The court dismissed the charge of violating Vehicle and Traffic Law § 1192 (3) and defendant was convicted of violating Vehicle and Traffic Law § 1192 (2).

Although subdivisions (1), (2) and (3) of section 1192 of the Vehicle and Traffic Law "proscribe separable offenses * * * [t]he three subdivisions, however, closely overlap and are but species of the generic offense of '[o]perating a motor vehicle while under the influence of alcohol' (Vehicle and Traffic Law, § 1192)" *(People v Farmer,* 36 NY2d 386, 390). Pursuant to Vehicle and Traffic Law § 1192 (9), a driver may be convicted of a violation of any of the first three subdivisions of the section "notwithstanding that the charge laid before the court alleged a violation of subdivision two or three of this section". Consequently, the amendment of the indictment was unnecessary because defendant could have been convicted of violating subdivision (2) although the indictment charged only a violation of subdivision (3) of Vehicle and Traffic Law § 1192 *(see, People v Clapper,* 123 AD2d 484, *lv denied* 69 NY2d 825).

We conclude, however, that the court erred in failing to suppress the results of the blood test because the procedure used to draw blood from defendant did not comply with the requirements of Vehicle and Traffic Law § 1194 (4) (a) (1). That section requires that a physician supervise and direct the drawing of blood by a medical laboratory technician. Although a physician need not be "personally present" when a medical laboratory technician draws blood, the evidence must show that a physician "directed and supervised all activities in the emergency room and that he authorized the taking of the sample" *(People v Moser,* 70 NY2d 476, 477). Here, the test was authorized by a registered nurse, who did not personally observe the taking of the sample. That procedure failed to safeguard the health of the patient, which is the purpose behind the supervision requirement. There was no showing that a physician had reached a "medical judgment" that drawing blood would not put defendant, who was seriously injured, at risk or that a physician was present "to respond to inquiries and emergencies" *(People v Moser, supra,* at 478). Consequently, the results of the blood test must be suppressed and the indictment dismissed. (Appeal from Judgment of Wyoming County Court, Dadd, J.—Felony Driving While Intoxicated.) Present—Denman, P. J., Pine, Balio, Doerr and Davis, JJ.