■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENDA L. OLMSTEAD, Appellant. [649 NYS2d 624] —Judgment reversed on the law, motion granted and indictment dismissed. Memorandum: Defendant appeals from a judgment convicting her of felony driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) and § 1193 (1) (c), i.e., operating a motor vehicle with a blood alcohol level in excess of .10% after a prior conviction. She contends that the trial court erred in failing to suppress the results of a chemical test performed on a blood sample drawn from her body in violation of Vehicle and Traffic Law § 1194 (4) (a). We agree and thus reverse and dismiss the indictment.

Section 1194 (4) (a) requires that a physician supervise and direct the drawing of blood by a medical laboratory technician. "Although a physician need not be 'personally present' when a medical laboratory technician draws blood, the evidence must show that a physician 'directed and supervised all activities in the emergency room and that he authorized the taking of the sample' (*People v Moser*, 70 NY2d 476, 477)" (*People v Ebner*, 195 AD2d 1006, 1007). Here, as in *Ebner*, the blood was drawn by a medical laboratory technician at the direction of a registered nurse, not a physician. The trial court concluded that there was substantial compliance with the statute because the nurse, who could have drawn the blood without the physician's direction, was present and watched the blood being drawn. We reject the view that the statute may be read to authorize a medical laboratory technician to draw blood at the direction of a nurse (*see, People v Ebner, supra*). The critical element, deemed essential by the Legislature when it amended the statute in 1969 (*see*, L 1969, ch 669, § 1), is that a physician authorize the taking of the sample (*see, People v Moser, supra*).

All concur except Lawton, J., who dissents and votes to affirm in the following Memorandum.

Lawton, J. (dissenting). I respectfully dissent. I concur with County Court that there was substantial compliance with the statute. There was evidence that a physician was present at the emergency room and that a registered nurse was present at the time that the blood was drawn by a qualified laboratory technician, thereby insuring both safety and accuracy. That is sufficient (*see, People v Moser*, 70 NY2d 476, 477; *People v Ebner*, 195 AD2d 1006). (Appeal from Judgment of Chautauqua County Court, Ward, J.—Felony Driving While Intoxicated.) Present—Green, J. P., Lawton, Doerr, Balio and Boehm, JJ.