OPINION OF THE COURT
Joseph Gerace, J.
Defendant appeals her conviction for driving while intoxicated under section 1192 (3) of the Vehicle and Traffic Law. The case proceeded to a nonjury trial in the Town of Ellery Justice Court on April 1, 1998. The People presented the testimony of a medical technologist, Scott Lemk, who drew the blood samples upon which defendant’s conviction was based.
*943 Section 1194 (4) (a) (1) of the Vehicle and Traffic Law requires that a blood test be performed by “(i) a physician, a registered professional nurse or a registered physician’s assistant; or (ii) under the supervision and at the direction of a physician: a medical laboratory technician or medical technologist as classified by the civil service.” If the People failed to prove that Mr. Lemk acted “under the supervision and at the direction of a physician,” then the blood sample should not have been admitted and the judgment must be reversed. (People v Moser, 70 NY2d 476 [1987]; People v Olmstead, 233 AD2d 837 [4th Dept 1996]; People v Ebner, 195 AD2d 1006 [4th Dept 1993].)
Mr. Lemk testified that Dr. George Conner was the supervisor in charge of the emergency room at the time the sample was drawn. The following exchange took place (transcript, at 91):
“Q. And sir, did you ever speak to a doctor that night?
“A. Yes, sir.
“Q. What doctor was that please?
“A. Dr. Conner.
“Q. And that was the supervising doctor again?
“A. Yes, he was.
“Q. Do you know if Dr. Conner actually looked at or examined the Defendant?
“A. I do not know that.
“Q. Did you ever engage in a conversation with Dr. Conner?
“A. Yes, I did.
“Q. Did you ever engage in a conversation with Dr. Conner with relation to the Defendant?
“A. Yes, I did.
“Q. And based on that conversation soon thereafter, did you proceed to draw blood from the Defendant?
“A. Yes, I did.”
This was the totality of the testimony regarding any contact between Mr. Lemk and Dr. Conner before Mr. Lemk drew the defendant’s blood. Dr. Conner did not testify. Any testimony regarding whether or not Dr. Conner directed the blood to be drawn is glaringly absent. The People, in their informal brief submitted in opposition to the appeal, state that the Assistant District Attorney “had elicited that an attending physician supervised all activities within the emergency room and so directed Lemk secure the blood accordingly.” No reference to *944 this supposed testimony is given and the court is certainly not able to locate it. The People would apparently have the court assume that the conversation alluded to by Mr. Lemk included a direction to draw the blood. But it was their burden to prove that such a direction took place. They have not done so.
The arguments by the People that the physician need not testify and that a statement of the physician directing the taking of blood would not be hearsay completely miss the point of this appeal. The sole issue is the sufficiency of the testimony. No legal argument has been presented that would suggest that the testimony was not necessary to a conviction or that a reversal of the conviction is not the appropriate remedy. The court finds that the testimony was insufficient. Therefore, the judgment must be reversed. The result of the blood alcohol test is suppressed and this matter is remanded to the Town of Ellery Justice Court for further proceedings not inconsistent with this opinion.