*316 OPINION OF THE COURT
Memorandum.
Judgment of conviction for driving while intoxicated reversed on the law and facts, and said accusatory instrument dismissed.
Judgment of conviction for driving while ability impaired affirmed.
Contrary to the People’s argument, defendant’s motion to dismiss properly preserved the issue regarding the legal sufficiency of the evidence establishing defendant’s guilt of driving while intoxicated for appellate review. In order to prove a violation of Vehicle and Traffic Law § 1192 (2), the chemical analysis must be accomplished pursuant to section 1194 of the Vehicle and Traffic Law. Vehicle and Traffic Law § 1194 (4) (a) provides that a medical technologist, under the supervision and direction of a physician, is authorized to withdraw blood for testing of its alcoholic content (see, e.g., People v Olmstead, 233 AD2d 837). In the instant case, the People did not establish that a physician directed the medical technologist to draw defendant’s blood in the emergency room. The technologist merely testified that he received a call to draw blood and that a doctor was on duty in the emergency room. Since, the proof failed to show that a physician directed and supervised the taking of the blood sample, the evidence was not legally sufficient to establish defendant’s guilt of violating section 1192 (2) beyond a reasonable doubt (see, People v Moser, 70 NY2d 476; People v Olmstead, supra).
However, the testimony of Police Officer Weeden, that defendant had slurred speech, glassy eyes, his breath smelled of alcohol and the accident involved no other vehicle, was sufficient to establish defendant’s guilt beyond a reasonable doubt of the charge of driving while impaired (Vehicle and Traffic Law § 1192 [1]). Any attempt by defendant to show an innocent explanation for his slurred speech, bloodshot eyes and alcoholic odor would have merely created factual issues which the jury resolved against him (People v Reynolds, 133 AD2d 499).