■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT GRIESBECK, Respondent. [793 NYS2d 227]—

Carpinello, J. Appeal from an order of the County Court of Sullivan County (LaBuda, J.), which granted defendant's motion pursuant to CPL 330.30 to set aside the verdict convicting him of driving while intoxicated (two counts).

Indicted on two felony counts of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) and (3) and § 1193 (1) (c), defendant was found guilty as charged following a jury trial. Defendant's motion to set aside this verdict pursuant to CPL 330.30 on the ground that evidence of his blood alcohol content was improperly admitted into evidence was granted (4 Misc 3d 1002[A], 2004 NY Slip Op 50597[U]). The People now appeal.

At trial, the People failed to establish that defendant's blood sample was taken in compliance with Vehicle and Traffic Law § 1194 (4) (a) (1) (ii). Specifically, they failed to introduce evidence that the medical technologist who drew defendant's blood was authorized to do so by a physician (*see People v Moser*, 70 NY2d 476 [1987]; *People v Olmstead*, 233 AD2d 837 [1996]; *People v Ebner*, 195 AD2d 1006 [1993]). Thus, the results of this blood test were improperly admitted into evidence at trial (*see People v Olmstead, supra*; *People v Ebner, supra*; *People v Gertz*, 189 Misc 2d 315 [2001], *lv denied* 97 NY2d 704 [2002]) and the jury's verdict under that count of the indictment charging statutory driving while intoxicated (*see* Vehicle and Traffic Law § 1192 [2]) was properly set aside (*see People v Olmstead, supra*; *People v Gertz, supra*; *People v Pickard*, 180 Misc 2d 942 [1999], *lv denied* 94 NY2d 865 [1999]; *see generally People v Grune*, 12 AD3d 944 [2004]).

While the common-law driving while intoxicated count (*see* Vehicle and Traffic Law § 1192 [3]) should not have been dismissed, we conclude that a new trial is nevertheless warranted on this charge. In its original charge to the jury, County Court twice stated that it could consider the results of defendant's blood test in its deliberations on the common-law driving

while intoxicated count. Thereafter, in response to the jury's request for an explanation of the differences between the two counts, the court again instructed the jury that it "can look [at] and consider the results of any blood tests that have been produced" in determining guilt under the common-law driving while intoxicated count. In light of these instructions to the jury (*compare People v Grune, supra; People v Gertz, supra*), we are unable to conclude that the error in admitting evidence of defendant's blood alcohol content was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]), thus warranting a new trial on this count.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law and the facts, by reversing so much thereof as set aside defendant's conviction on count one of the indictment; said count reinstated and matter remitted to the County Court of Sullivan County for a new trial; and, as so modified, affirmed.