OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, and the matter is remitted to the City Court for a new trial on the charge of driving while intoxicated (common law).
Defendant was charged in a single accusatory instrument with aggravated driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2-a] [a]) and common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). At a jury trial, Police Officer Larkin testified that he had found defendant at the scene slumped over the wheel of a Mercedes with the engine running. He testified further that he could smell a strong odor of alcohol coming from the vehicle and that defendant had difficulty standing upon exiting the vehicle. After defendant exited the vehicle, Larkin observed that there was a strong odor of alcohol emanating from defendant’s breath. In addition, Police Officer Klein testified that defendant was unsteady on his feet and that his eyes were glassy and bloodshot. Defendant failed all three field sobriety tests that had been administered, including the gaze nystagmus test. Although defendant’s speech was normal, in the officer’s opinion, defendant was intoxicated. After defendant had been arrested and transported to the police station, defendant consented to take a chemical breath test. During the trial, defense counsel stipulated that the chemical testing device was operating properly and that the test resulted in an accurate reading of .21% blood alcohol. The court instructed the jury, among other things, that it could consider the results of the blood alcohol test in its deliberations on the common-law driving while intoxicated count. The jury found defendant guilty of both counts.
Prior to sentencing, defendant moved to suppress the chemical breath test results on the ground that the police officer who *74 had administered the test could not identify defendant as the individual he had tested. The court held that the chemical breath test results were inadmissible and granted the branch of the motion seeking to, in effect, set aside so much of the jury’s verdict as found defendant guilty of aggravated driving while intoxicated and to dismiss the count of the accusatory instrument charging that offense (Vehicle and Traffic Law § 1192 [2-a] [a]; People v Wilkins, 40 Misc 3d 1207[A], 2013 NY Slip Op 51068 [U] [Rye City Ct 2013]). However, the court denied the branch of the motion seeking to set aside so much of the jury’s verdict as found defendant guilty of common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), on the ground that there was sufficient circumstantial evidence from which the jury could have inferred that defendant had operated the vehicle while intoxicated. Thereafter, defendant moved for leave to reargue the branch of his motion seeking, in effect, to set aside so much of the verdict as found him guilty of common-law driving while intoxicated, based on the taint of the improper admission of the proof of defendant’s blood alcohol content. The City Court denied the motion.
On appeal, defendant contends, among other things, that the verdict was against the weight of the evidence. In addition, defendant contends that, after the City Court determined that the evidence of defendant’s blood alcohol content was improperly admitted at trial, the court should have vacated so much of the verdict as found him guilty of common-law driving while intoxicated due to the highly prejudicial effect of the improper admission of the chemical breath test results. The People respond that so much of the verdict as found defendant guilty of common-law driving while intoxicated was not against the weight of the evidence and should not be set aside, since the chemical breath test results were properly admitted at trial and it was error to suppress the test results.
Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that so much of the verdict as found defendant guilty of common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). However, the court erred in failing to set aside that portion of the verdict based on the taint of the improper admission of the chemical breath test results. Our analysis of the effect of the erroneously admitted evidence at trial “requires [us] to assess the quantum and nature of the People’s proof of guilt independent *75 of . . . [that] evidence and the causal effect, if any, that the introduction of that evidence had on the factfinder’s verdict” (People v Wells, 21 NY3d 716, 718 [2013]; People v Hao Lin, 46 Misc 3d 20 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Since the trial court had instructed the jury that it could consider the results of the chemical breath test in its deliberations on the common-law driving while intoxicated count, and in light of the fact that the chemical breath test result was almost triple the legal limit, we cannot conclude that the error in admitting this evidence was harmless beyond a reasonable doubt, as there is a significant probability that the error contributed to the conviction (see People v Baghai-Kermani, 84 NY2d 525, 532-533 [1994]; People v Griesbeck, 17 AD3d 717 [2005]; Hao Lin, 46 Misc 3d at 26; cf. People v Grune, 12 AD3d 944 [2004]).
We note that, on this appeal by defendant, this court may not review the propriety of the City Court’s ruling that the breath test results were inadmissible, since that ruling did not adversely affect defendant (see CPL 470.15 [1]; People v Nicholson, 26 NY3d 813 [2016]; People v Concepcion, 17 NY3d 192, 195 [2011]; People v LaFontaine, 92 NY2d 470 [1998]; People v Westbrook, 180 AD2d 772 [1992]; People v El-Khawam, 24 Misc 3d 133[A], 2009 NY Slip Op 51387[U] [App Term, 2d Dept, 9th & 10th Jud Dist 2009]).
In view of the foregoing, it is not necessary to pass upon the issue of whether the City Court’s charge had invited the jury to convict defendant of a prior uncharged crime, as the issue is rendered moot, and we pass upon no other issue.
Accordingly, the judgment convicting defendant of common-law driving while intoxicated is reversed and the matter is remitted to the City Court for a new trial on that count of the accusatory instrument.
Maraño, P.J., Iannacci and Tolbert, JJ., concur.