The People of the State of New York, Respondent,
against
Shawn Hill, Appellant.




Appellate Advocates (Anders Nelson of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Jill Oziemblewski and Jordan Cerruti of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Dena E. Douglas, J.), rendered August 6, 2015. The judgment convicted defendant, upon a jury verdict, of common-law driving while intoxicated and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, and the matter is remitted to the Criminal Court for a new trial.
Following a jury trial, defendant was convicted of common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). Defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review since, at trial, he failed to raise the specific arguments he now makes on appeal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]). In any event, defendant's contention has no merit.
At trial, two police officers testified that they had responded to the scene of an accident where they observed that four parked cars had been sideswiped, an SUV was stopped in the middle of the street, and the SUV's front right tire and axle were completely off the vehicle. Defendant, who was standing outside of the rear of the SUV, admitted that he had been driving the SUV and stated that he had lost control of the SUV due to mechanical failure of the tire. The officers further testified that defendant had red, watery eyes and slurred speech, and had been [*2]unsteady on his feet, and that they had detected the odor of an alcoholic beverage on defendant's breath. One of the officers stated that, based on his professional and personal experience, it was his opinion that defendant "was under the influence of alcohol," and the other officer stated that, based on his professional and social experience, it was his opinion that defendant "was intoxicated." Defendant was arrested and subsequently refused to take breathalyzer and coordination tests. A third officer, who attended to defendant about 90 minutes after his arrest, stated that defendant had "bloodshot, watery eyes and also a strong odor of alcoholic beverage," and that, based on his professional and social experience, it was his opinion that defendant "was under the influence of an alcoholic beverage." The foregoing evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]) and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), was legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of common-law driving while intoxicated (see People v Shank, 26 AD3d 812, 813-814 [2006]; People v Kane, 240 AD2d 516, 517 [1997]). We note that, contrary to defendant's contention, any attempt by defendant to show an innocent explanation for each indicium of intoxication "merely created factual issues which the jury resolved against him" (see People v Gertz, 189 Misc 2d 315, 316 [App Term, 2d Dept, 9th & 10th Jud Dists 2001]).
Upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the jury could have reasonably concluded from the evidence adduced at trial that defendant was "incapable of employing the physical and mental abilities which he [was] expected to possess in order to operate [his] vehicle as a reasonable and prudent driver" (People v Cruz, 48 NY2d 419, 428 [1979]; People v Morren, 52 Misc 3d 132[A], 2016 NY Slip Op 51005[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]), and that mechanical failure did not cause the accident. Consequently, we find that the verdict convicting defendant of common-law driving while intoxicated was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).
Defendant contends that the Criminal Court committed reversible error by denying his for-cause challenge to prospective juror No. 17. We note that this contention is preserved for appellate review since all of defendant's peremptory challenges had been exhausted prior to the Criminal Court's denial of his for-cause challenge (see CPL 270.20 [2]; People v Nicholas, 98 NY2d 749, 752 [2002]). CPL 270.20 (1) (b) allows a prospective juror to be challenged for cause if the juror shows "a state of mind that is likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial." The Court of Appeals has repeatedly stated that prospective jurors who express possible bias must be excused unless they provide "unequivocal assurance that they can set aside any bias and render an impartial verdict based on the evidence" (People v Johnson, 94 NY2d 600, 614 [2000]; see People v Nicholas, 98 NY2d at 751-752; People v Chambers, 97 NY2d 417, 419 [2002]). " 'Trial Judges should either elicit some unequivocal assurance of [the prospective juror's] ability to be impartial when that is appropriate, or excuse the juror when that is appropriate' since, in most cases, '[t]he worst the court will have done . . . is to have replaced one impartial juror with another impartial juror' " [*3](People v Harris, 19 NY3d 679, 685 [2012], quoting People v Johnson, 17 NY3d 752 [2011]; see People v Warrington, 28 NY3d 1116, 1120 [2016]).
In the case at bar, it is uncontroverted that prospective juror No. 17 nodded affirmatively in response to prospective juror No. 16's stated opinion that a defendant is guilty if he avoids taking a breath test. The record also indicates that after this comment by prospective juror No. 16, an unidentified prospective juror stated "I agree." In support of her for-cause challenge to prospective juror No. 17, defense counsel argued that "[n]umerous times while [prospective] juror number 16 was . . . speaking, expressing her inability to . . . keep an open mind . . . [prospective juror No. 17] . . . was nodding her head and said yeah to each of the questions posed . . . and then as [prospective juror No. 16] was expressing . . . her inability to be fair and her distaste for people accused of drunk driving [prospective juror No. 17] of her own volition was jumping in and agreeing." The prosecutor replied that the "actions [of prospective juror No. 17] were not in response to direct questions . . . some of her reactions were just nodding along. It wasn't any verbal response." Defense counsel then requested that prospective juror No. 17 be "asked whether or not she can be impartial in this case. It's not something that she was nodding along in a passive way. She was quite affirmatively leaning forward, looking at [prospective juror No. 16]." The Criminal Court denied counsel's request, and impaneled prospective juror No. 17.
In view of the foregoing, we are of the opinion that the affirmative nods by prospective juror No. 17 sufficiently indicated her possible bias against defendant. Consequently, the Criminal Court improperly denied defense counsel's request for additional voir dire, as the court should have obtained unequivocal assurances of impartiality from prospective juror No. 17. "In the absence of these assurances, denial of defendant's challenges for cause . . . was reversible error" (see People v Nicholas, 98 NY2d at 752). We pass on no other issue.
Accordingly, the judgment of conviction is reversed and the matter is remitted to the Criminal Court for a new trial. 
ALIOTTA, J.P., PESCE and WESTON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 22, 2018