■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT CARVALHO, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered March 23, 1990, convicting him of operating a motor vehicle while under the influence of alcohol and leaving the scene of an accident, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the indictment charging him with violating Vehicle and Traffic Law §§ 1192 (2) and (3) violated the constitutional prohibition against double jeopardy. We disagree. It is clear that subdivisions (2) and (3) of Vehicle and Traffic Law § 1192 were intended to be separate crimes, neither mutually inclusive nor mutually exclusive. To suggest that the People should be compelled to elect between the two counts at any stage of the criminal proceedings would

run counter to the intention of the Legislature which has determined that the social evil in question—driving while intoxicated—warrants separate offenses (see, People v Rudd, 41 AD2d 875).

There is also no merit to the defendant's claim that the verdict returned by the jury was repugnant in that it acquitted him of Vehicle and Traffic Law § 1192 (2) while finding him guilty of Vehicle and Traffic Law § 1192 (3). The jury could have reasonably concluded that the breathalyzer results were not reliable and that the alcohol content level of his blood did not reach the statutory level, but that, based on testimonial evidence as to his appearance, demeanor, and ability to perform tests of motor coordination, the defendant was operating a motor vehicle while he was intoxicated (see, e.g., People v Farmer, 36 NY2d 386, 393; see also, People v Whelan, 165 AD2d 313).

The defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]), or without merit. Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.