■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. WHITE, Appellant.—Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered January 3, 1991 in Broome County, upon a verdict convicting defendant of the crimes of assault in the second degree and criminal possession of a weapon in the third degree.

After being involved in an altercation with another patron, defendant and his brother were ejected from the Headquarters Bar in the Village of Johnson City, Broome County, by bar employees. The pair threatened to return and did so an hour later. Carl Woloszyn, a bouncer who had ejected defendant from the bar, was sitting by the back door when he felt something hit his head and then saw defendant coming after him. In the ensuing struggle Woloszyn tried to grab a metal object in defendant's hand; the object was later identified as a wrench. Defendant was eventually subdued as was his brother, who had a pipe and a utility knife. Defendant and

Woloszyn were taken to a hospital for medical treatment, where the latter received eight stitches in his head and six stitches in his left arm. Thereafter, defendant was indicted and charged with the crimes of assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]); following a jury trial, he was convicted as charged and sentenced as a second felony offender to concurrent prison terms of 3 to 6 years. Defendant appeals. We affirm.

Defendant's argument that Penal Law § 120.05 (2) must be struck down, because the phrase "dangerous instrument" used therein is defined in the Penal Law not in terms of the instrument's attributes but in terms of its temporary use, is meritless. The Court of Appeals has specifically held that "[i]t is the temporary use rather than the inherent vice of [an] object" which qualifies it as a "dangerous instrument" *(People v Carter,* 53 NY2d 113, 116; *see,* Penal Law § 10.00 [13]) and, as so interpreted, this phrase is not unconstitutionally vague *(People v Cwikla,* 46 NY2d 434, 442). Here, the treating doctor's testimony that Woloszyn suffered a penetrating two-inch scalp laceration and that a blow with the wrench to that area of his head with sufficient force to have caused the laceration could have caused a fractured skull, even though it did not actually do so, is sufficient to sustain defendant's conviction for second degree assault *(see, People v Scipio,* 169 AD2d 596, *lv denied* 77 NY2d 966; *People v Beaton,* 152 AD2d 992, *lv denied* 74 NY2d 845; *People v O'Hara,* 124 AD2d 895; *People v Naylor,* 120 AD2d 940, *lv denied* 69 NY2d 714).

Defendant's remaining contentions are similarly unavailing. Even were we to accept defendant's claim that Supreme Court erred in allowing the treating doctor, over defense counsel's objection, to testify that when treated at the hospital defendant's blood alcohol content was .20%, such error was harmless given the overwhelming evidence of his guilt. That evidence included the testimony of various witnesses as to defendant's threats, his hitting Woloszyn on the head with a wrench and the physical injury suffered as a result. Given this evidence, there is no significant probability that, but for the alleged error, defendant would have been acquitted *(see, People v Crimmins,* 36 NY2d 230, 242; *People v Feldmann,* 110 AD2d 906). And, although defense counsel did not incorporate the testimony regarding defendant's blood alcohol content into the defense, we are satisfied, considering the totality of the circumstances, that he employed a reasonable albeit unsuccessful strategy—namely, that defendant and his brother were

the victims, not the aggressors, of an assault by bar employees and "regulars" who were covering up the truth as evidenced by inconsistencies in their testimony—and that such representation was meaningful *(see, People v Baldi,* 54 NY2d 137, 147; *People v Brown,* 175 AD2d 210, 211).

Lastly, given defendant's prior record, Supreme Court did not abuse its discretion in imposing two concurrent prison terms of 3 to 6 years, which was less than the harshest allowable sentence *(see,* Penal Law § 70.00 [2] [d]; § 70.06 [3] [d]); nor is there any evidence that the court did so vindictively, to punish defendant for rejecting a plea bargain and asserting his right to proceed to trial *(see, People v Simon,* 180 AD2d 866, 867).

Mikoll, J. P., Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.