■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD SWANSTON, Appellant. [716 NYS2d 118] —Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered August 18, 1993, upon a verdict convicting defendant of the crimes of driving while intoxicated (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree.

A Grand Jury returned a three-count indictment against defendant charging him with two counts of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2], [3]) and aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [ii]).

The events leading to these charges start with the report from an unidentified motorist to a toll booth operator at exit 25 of the Thruway of an erratic driver proceeding eastbound on the Thruway. This information together with the vehicle's plate number was transmitted to the State Police. Attempting to locate the vehicle, the State Police radioed the exit 24 interchange requesting the toll booth operators there to be on the lookout for the vehicle. Shortly thereafter, the State Police

received a transmission that the described vehicle was in line at Thruway exit 24. State Police told the toll booth operator to have the vehicle pull over and, upon arriving at the exit 24 interchange approximately three to five minutes later, found the vehicle parked in an adjacent parking area.

Upon approaching the vehicle, one of the State Troopers observed the motor running and defendant sitting behind the steering wheel. As the Trooper engaged defendant in conversation he noticed a strong odor of alcohol and observed that defendant's eyes were glassy and his speech slurred. When asked to produce a driver's license, defendant responded that his license was revoked. Defendant was asked to perform three field sobriety tests: reciting the alphabet, standing on one foot and the alco-sensor test. Defendant failed all three tests and was placed under arrest for driving while intoxicated. Subsequently, defendant agreed to take a breathalyzer test which registered a blood alcohol content of 0.17%.

Motions to suppress certain oral statements and the results of the breathalyzer were denied and after a jury trial, where he appeared *pro se*, defendant was convicted on all counts in the indictment. After denying defendant's CPL 330.30 (1) motion stating "[t]his trial judge has no inherent power or statutory power under CPL 330.30 (1), to set aside the verdict based upon legally insufficient evidence," County Court sentenced defendant to concurrent prison sentences of 1⅓ to 4 years on each count. Defendant now appeals.

Defendant first contends he is entitled to a new trial because County Court erred in allowing State Troopers to testify to an oral statement he made prior to his arrest that he had consumed a beer. At the conclusion of the *Huntley* hearing in this matter, the Assistant District Attorney agreed with defense counsel that no proof of the voluntariness of the statement was presented at the hearing and that the prosecution "would not offer that statement." However, four months later when County Court rendered its written decision with respect to the suppression hearing rulings, it concluded that defendant's statements at the scene of the traffic stop were admissible and denied defendant's motion to suppress in all respects. At trial, one of the State Troopers testified, without objection, that when he asked defendant at the initial traffic stop if he had been drinking, defendant responded that "he had one beer." Notwithstanding defendant's failure to preserve this issue for our review (*see, People v Coleman*, 235 AD2d 928, *lv denied* 89 NY2d 1033), we will exercise our right to review this matter in the interest of justice (CPL 470.15).

It is clear from the minutes of the suppression hearing that the prosecutor conceded that she had failed to present any evidence of voluntariness of defendant's statement and more importantly, indicated that her office would not offer that statement at the time of trial. Based on the prosecutor's concession at the conclusion of the *Huntley* hearing, we find no basis for County Court's written ruling that "defendant's statements at the scene of the traffic stop are admissible." Although County Court's written ruling was not challenged nor any objection made to the State Trooper's trial testimony concerning defendant's statement, its admission was error in light of the prosecutor's unambiguous declaration that the statement would not be offered. However, notwithstanding the seriousness with which we regard an attorney's failure to abide by his in-court stipulations (*see*, CPLR 2104; CPL 60.10), we nevertheless find that the error in allowing testimony of defendant's statement to be harmless since there was overwhelming independent evidence of defendant's operation of a motor vehicle while he was intoxicated. The initial observations of defendant by the two State Troopers, defendant's failure of the field sobriety tests and the results of the breathalyzer test lead us to the conclusion that there was no reasonable possibility that defendant's statement that "he had one beer" contributed to his conviction (*see*, *People v Ayala*, 75 NY2d 422, 431, *cert denied sub nom. Ayala v Leonard*, 513 US 888; *People v Campney*, 252 AD2d 734, 736).

Next, defendant contends that County Court erred in failing to suppress the results of his breathalyzer test because the prosecution failed to establish reasonable suspicion to stop his vehicle or probable cause to arrest him (*see*, *People v Sobotker*, 43 NY2d 559, 563; *People v Ingle*, 36 NY2d 413). We must reject defendant's argument as meritless since the information of an erratic driver at a specific location in an automobile identified by plate number introduced at trial through the business records of the Thruway Authority, without objection from defendant, and the further call from the toll booth operator at exit 24 indicating that the identified vehicle was in line waiting to exit the Thruway presented " ' "specific and articulable facts which, taken together with rational inferences from those facts" ' " (*People v Sobotker, supra*, at 563, quoting *Terry v Ohio*, 392 US 1, 21) provided reasonable suspicion for the State Police to direct the toll booth operator on the Thruway to ask the operator of that vehicle to pull over (*see*, *People v De Bour*, 40 NY2d 210, 223-225; *People v Ingle, supra*, at 420). Thereafter, the State Trooper's observations of defendant and his dismal performance on the field sobriety tests provided the

requisite probable cause to arrest defendant (*see, People v Sawinski,* 246 AD2d 689, 690, *lv denied* 91 NY2d 930). Accordingly, we find no error in County Court's denial of defendant's suppression motion.

We also reject defendant's contention that he is entitled to a new trial because proof that he was driving the automobile on the night he was arrested was based solely on circumstantial evidence and County Court did not properly instruct the jury on this topic. Defendant failed to preserve this issue for appeal since he did not object to County Court's charge at trial (*see, People v Perry,* 251 AD2d 895, 897, *lv denied* 94 NY2d 827). Were we to address the merits of this issue, we would find that County Court properly instructed the jury on circumstantial evidence (*see, People v Ford,* 66 NY2d 428, 441; *People v Sanchez,* 61 NY2d 1022, 1024; *People v Perry, supra,* at 898).

Finally, while we agree with defendant that County Court was authorized by CPL 330.30 (1) to review the trial evidence to determine whether it was legally sufficient to support a verdict and should have performed such review, our own review of the trial evidence confirms that the verdict herein was based upon legally sufficient evidence. Defendant was observed behind the steering wheel of his vehicle with the motor running and with glassy eyes, slurred speech and smelling of alcohol. He was unable to pass three field sobriety tests and registered a blood alcohol content of 0.17% on a breathalyzer test. He admitted his license had been revoked and a Department of Motor Vehicles computer check confirmed that revocation. As the Court reviewing the legal sufficiency of the trial evidence within the parameters of the applicable standard enunciated by the Court of Appeals (*see, People v Williams,* 84 NY2d 925, 926; *People v Wong,* 81 NY2d 600, 608; *People v Bleakley,* 69 NY2d 490, 495), we find that the evidence was sufficient to establish defendant's guilt on each count of the indictment.

Mercure, J. P., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.