■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY C. GRUNE, Appellant. [785 NYS2d 178]—

Rose, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered August 11, 2003 in Albany County, upon a verdict convicting defendant of two counts of the crime of driving while intoxicated.

---

After a jury trial, defendant was convicted of two counts of driving while intoxicated as a class D felony (*see* Vehicle and Traffic Law § 1192 [2], [3]) based upon the testimony of the arresting police officer and the results of a chemical test of his blood alcohol content (hereinafter BAC). The officer testified that he stopped defendant's vehicle after observing it cross over the roadway's right-hand fog line and double center lines, smelled alcohol on defendant's breath, found beer in the vehicle and administered three field sobriety tests, including the horizontal gaze nystagmus test, all of which defendant failed. Defendant also admitted consuming two beers earlier and tested positive for alcohol in a prescreening test administered by the officer. After defendant was arrested and taken to the police station, his belching prevented the completion of a breathalyser test, but later, at a hospital, a sample of his blood was tested using a gas chromatograph, revealing a BAC of .15%. During trial, Supreme Court overruled defendant's objection on foundational grounds to admission of the results of the BAC test. Following defendant's conviction, Supreme Court sentenced him to two concurrent terms of imprisonment of $2^1/_3$ to 7 years. Defendant now appeals.

Initially, we are not persuaded by defendant's contentions that Supreme Court erred in summarily denying his suppression motion alleging an illegal traffic stop (*see People v Swanston,* 277 AD2d 600, 602 [2000], *lv denied* 96 NY2d 739 [2001]) and denying his request for a *Frye* hearing as to the horizontal gaze nystagmus test (*see People v Gallup,* 302 AD2d 681, 684 [2003], *lv denied* 100 NY2d 594 [2003]). We do find merit, however, in his claim that there was no proper foundation laid for admission of the results of the BAC test. Specifically, the People failed to elicit testimony from the witness who conducted the test as to whether the testing equipment was properly calibrated and whether the test was properly performed on the particular blood sample taken from defendant. In the absence of this foundation, the BAC test results should not have been admitted (*see People v Campbell,* 73 NY2d 481, 484 [1989]; *cf. People v Hampe,* 181 AD2d 238, 240 n [1992]). Nor was this error harmless, for the People presented no other evidence of defendant's BAC. There being legally insufficient evidence, defendant's conviction of the charge under Vehicle and Traffic Law § 1192 (2) must be reversed.

As to the charge of driving while intoxicated under Vehicle and Traffic Law § 1192 (3), however, we deem the error in admission of the BAC test harmless in light of the other, clear evidence of defendant's intoxication. Given the arresting offi-

cer's testimony as to what he observed, the results of the field sobriety tests and defendant's admissions, there is no significant probability of acquittal on count two of the indictment had the evidence of the BAC test been excluded (*see People v Heidelmark,* 214 AD2d 767, 769 [1995], *lv denied* 85 NY2d 973 [1995]; *People v Erickson,* 156 AD2d 760, 762-763 [1989], *lv denied* 75 NY2d 966 [1990]).

Because the issue of whether defendant consented to the BAC test may recur in the event of a new trial, we note that the record clearly shows that he ultimately gave his consent after equivocating and then being advised of the consequences of a refusal. As to defendant's claim regarding Supreme Court's *Sandoval* ruling, once defendant expressly stipulated to a predicate driving while intoxicated conviction, the court implicitly withdrew its earlier ruling permitting the prosecution to introduce evidence of its nature and its underlying facts. Defendant's remaining arguments have been considered and found to be without merit.

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of driving while intoxicated under count one of the indictment; matter remitted to the Supreme Court for a new trial on said count; and, as so modified, affirmed.