THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY M. HERBER, Appellant. [807 NYS2d 253]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered August 2, 2004. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of two counts of grand larceny in the second degree (Penal Law § 155.40 [1]), defendant contends that County Court erred in imposing a greater sentence than that agreed to at the time of the plea. We reject that contention. "[E]ven where a plea agreement has been reached, and a defendant has entered a plea in reliance on the agreement, it is ultimately up to the court to impose what it considers an appropriate sentence . . . . As a matter of law and strong public policy, a sentencing promise made in conjunction with a plea is conditioned upon 'its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources' " (*People v Hicks*, 98 NY2d 185, 188 [2002]). Here, the court received information warranting enhancement of the negotiated sentence to a term that is nevertheless below the maximum allowed, and the court properly afforded defendant the opportunity to withdraw his plea before the court imposed the enhanced sentence (*see e.g. People v Coble*, 17 AD3d 1165, 1166 [2005], *lv denied* 5 NY3d 787 [2005]; *People v Missrie*, 13 AD3d 256, 257 [2004], *lv denied* 4 NY3d 833 [2005]; *People v Langworthy*, 1 AD3d 1013 [2003], *lv denied* 2 NY3d 763 [2004]). Contrary to the contention of defendant, he is not entitled to specific performance of the plea agreement. The remedy of specific performance in the context of plea agreements applies where a defendant has been placed in a "no-return position" in reliance on the plea agreement (*People v McConnell*, 49 NY2d 340, 345 [1980]), such that specific performance is warranted "as a matter of essential fairness" (*id.* at 349; *see generally People v Curdgel*, 83 NY2d 862, 864 [1994]; *People v Rubendall*, 4 AD3d 13, 19 [2004]). Upon our review of the record, we conclude that specific performance of the plea agreement is not warranted herein. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Lawton, JJ.