■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v STEVEN R. BAKER, Appellant-Respondent. [856 NYS2d 707]—

Lahtinen, J. Appeals (1) from an order of the County Court of Essex County (Meyer, J.), entered October 10, 2006, which partially granted defendant's motion pursuant to CPL 330.30 and set aside the verdict convicting him of the crimes of vehicular manslaughter in the second degree and driving while intoxicated under counts two and four of the indictment, and (2) from a judgment of said court, rendered October 20, 2006, upon a verdict convicting defendant of the crimes of manslaughter in the second degree, driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the third degree.

Defendant's conviction arises from an incident where the car he was driving struck and killed a jogger on Route 373 in the Town of Chesterfield, Essex County. On January 16, 2006, at

about 4:00 P.M. to 4:15 P.M., a 1996 Chevrolet Beretta operated by defendant in a westerly direction on Route 373 approached the victim, a college student who was jogging in an easterly direction on the north side of that road. The speed limit was 55 miles per hour. Defendant's vehicle struck the victim while traveling at a speed estimated by an expert at 69 to 74 miles per hour causing his immediate death. Although it is undisputed that defendant had consumed alcoholic beverages earlier in the day, the amount consumed was contested at trial. Testing on blood taken by a nurse with defendant's consent at about 6:45 P.M. revealed a blood alcohol content of .10%.

Defendant was indicted for the crimes of manslaughter in the second degree, two counts of vehicular manslaughter in the second degree (based on statutory driving while intoxicated and common-law driving while intoxicated), two counts of driving while intoxicated (statutory and common law), and aggravated unlicensed operation of a motor vehicle in the third degree. The count of vehicular manslaughter in the second degree based on common-law driving while intoxicated (count three) was dismissed with the consent of the People prior to trial. Defendant was convicted of the remaining five counts following a jury trial.

Prior to sentencing, defendant made a CPL 330.30 motion to set aside the verdict arguing, among other things, that the evidence of his blood alcohol content had been improperly admitted without a proper foundation. Finding merit in that argument because the People had not elicited proof of calibration of the device used when analyzing defendant's blood, County Court set aside the verdict and directed a new trial with respect to vehicular manslaughter in the second degree (count two) and driving while intoxicated per se (count four). On the remaining three counts, defendant was sentenced to 4 to 12 years in prison for manslaughter in the second degree, one year for common-law driving while intoxicated and 30 days for aggravated unlicensed operation of a motor vehicle, all to run concurrently. Defendant appeals from the judgment of conviction and the People appeal from the partial granting of defendant's CPL 330.30 motion.

We turn first to the People's argument that they presented a sufficient foundation for defendant's blood alcohol and, thus, County Court erred in partially granting defendant's CPL 330.30 motion. It is well settled that a foundation establishing the reliability and accuracy of a machine used to measure blood alcohol content is a prerequisite to admitting the results of a blood alcohol test into evidence (*see People v Campbell*, 73 NY2d

481, 485 [1989]; *People v Grune*, 12 AD3d 944, 945 [2004], *lv denied* 4 NY3d 831 [2005]). The People failed to set forth proof at trial that the gas chromatograph had been properly calibrated before it was used to test defendant's blood. While the expert who appeared for the People was sufficiently qualified to have rendered an opinion based upon his firsthand testing of the blood (*see People v Abel*, 166 AD2d 841, 842 [1990], *lv denied* 76 NY2d 983 [1990]), the People did not elicit testimony from him regarding the specific steps he took to ensure the reliability and accuracy of the test that he conducted on defendant's blood sample. General statements about what he typically does with a blood sample are insufficient in the absence of testimony that he actually took such measures with regard to this blood sample. Here, as in *Grune*, "the People failed to elicit testimony from the witness who conducted the test as to whether the testing equipment was properly calibrated and whether the test was properly performed on the particular blood sample taken from defendant" (*People v Grune*, 12 AD3d at 945). Defendant preserved the issue by a timely objection in which he asserted the lack of a proper foundation. Accordingly, we conclude that County Court properly reversed these convictions and directed a new trial as to counts two and four.

Under the facts and circumstances of this case, the improper admission into evidence of the blood alcohol test result constrains us to conclude that reversal and a new trial are necessary on the manslaughter in the second degree (count one) and common-law driving while intoxicated (count five) convictions. Nonconstitutional evidentiary errors do not require reversal when, excising the improper evidence from consideration, the remaining proof of a defendant's guilt is overwhelming and the error is not otherwise prejudicial (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Richards*, 228 AD2d 792, 793 [1996], *lv denied* 88 NY2d 1024 [1996]; *see also People v Ayala*, 75 NY2d 422, 431 [1990]). Witnesses detected the odor of alcohol on defendant's breath and there were open containers in the car. However, defendant acknowledged at trial that he had been drinking, but contended that he had not consumed an excessive amount and that his imbibing occurred a considerable period of time before the accident.

The testimony of a witness—who defendant passed as she drove in the same direction in which defendant was traveling and who could see the jogger in the distance—characterizing visibility as good and defendant as going "very fast," while certainly strong evidence of culpability, does not overwhelmingly establish defendant's guilt. Notably, the jury was in-

structed that it could consider the result of the blood alcohol test with respect to the common-law driving while intoxicated count and that it could consider defendant's intoxication in evaluating defendant's recklessness for the manslaughter in the second degree count. In light of such charge permitting consideration of the improperly admitted evidence and the potential significance of that evidence, together with the fact that we cannot conclude from this record that the remaining evidence overwhelmingly established defendant's guilt (*cf. People v Donaldson*, 46 AD3d 1109, 1110 [2007]; *People v Swanston*, 277 AD2d 600, 602 [2000], *lv denied* 96 NY2d 739 [2001]; *People v White*, 185 AD2d 460, 461 [1992], *lv denied* 80 NY2d 935 [1992]), a new trial is warranted on counts one and five (*see People v Griesbeck*, 17 AD3d 717, 717-718 [2005]).

We need comment only briefly upon some of the many other arguments advanced on appeal. Defendant's contention that the verdict was against the weight of the evidence—which would result in dismissal rather than remittal for a new trial (*see* CPL 470.20 [5])—has been considered and found unavailing (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Similarly, we find unpersuasive his argument urging error in the grand jury proceeding (*see* CPL 190.50 [5] [a]; *People v Gibbs*, 12 AD3d 710, 710 [2004]). Defendant's alternative argument regarding the convictions that he successfully had reversed in his CPL article 330 motion are not properly before us at this time (*see People v LaFontaine*, 92 NY2d 470, 474 [1998]; *People v Goodfriend*, 64 NY2d 695, 698 [1984]). The remaining issues are academic or without merit.

Cardona, P.J., Mercure, Spain and Kavanagh, JJ., concur. Ordered that the order and judgment are modified, on the law, by reversing defendant's convictions for manslaughter in the second degree and common-law driving while intoxicated under counts one and five of the indictment; matter remitted to the County Court of Essex County for a new trial on said counts (together with counts two and four); and, as so modified, affirmed.