■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD K. STILES, Appellant. [910 NYS2d 738]—

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered September 24, 2009. The judgment convicted defendant, upon his plea of guilty, of rape in the third degree and criminal sexual act in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of rape in the third degree (Penal Law § 130.25 [2]) and criminal sexual act in the third degree (§ 130.40 [2]), defendant contends that County Court erred in imposing a greater sentence than that agreed to at the time of the plea. We reject that contention. The court "retains discretion in fixing an appropriate sentence up until the time of the sentencing" (*People v Schultz*, 73 NY2d 757, 758 [1988]). Indeed, it is well established that "the sentencing decision is a matter committed to the exercise of the *court's* discretion and that it can be made only after careful consideration of all facts available at the time of sentencing" (*People v Farrar*, 52 NY2d 302, 305 [1981]). Here, the court received information in the presentence report warranting enhancement of the negotiated sentence and properly afforded defendant the opportunity to withdraw his plea before imposing the enhanced sentence (*see People v Herber*, 24 AD3d 1317 [2005], *lv denied* 6 NY3d 814 [2006]; *People v Langworthy*, 1 AD3d 1013 [2003], *lv denied* 2 NY3d 763 [2004]; *People v Jackson*, 216 AD2d 950 [1995], *lv denied* 86 NY2d 796 [1995]).

Contrary to defendant's further contention, the court properly directed that the sentence imposed for rape in the third degree run consecutively to the sentence imposed for criminal sexual act in the third degree, inasmuch "as each count involved a separate sexual act constituting a distinct offense" (*People v Colon*, 61 AD3d 772, 773 [2009], *lv denied* 13 NY3d 743 [2009]; *see People v Lussier*, 298 AD2d 763, 765 [2002], *lv denied* 99 NY2d 630 [2003]; *People v Benn*, 213 AD2d 489 [1995], *lv denied* 85 NY2d 969 [1995]). The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Smith, J.P., Peradotto, Carni, Sconiers and Gorski, JJ.