# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

641

KA 08-00027

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

SAMUEL SIERRA, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered November 5, 2007. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree, vehicular manslaughter in the second degree, aggravated unlicensed operation of a motor vehicle in the first degree, driving while intoxicated (two counts), and a traffic infraction.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, manslaughter in the second degree (Penal Law § 125.15 [1]). Defendant initially pleaded guilty to the indictment with a sentencing commitment of a term of imprisonment of 4½ to 9 years. After County Court (Connell, J.) accepted the plea, the People expressed their disagreement with that sentence. Judge Connell determined that he would not abide by the sentencing commitment and recused himself. The case was then assigned to a different County Court Judge (Egan, J.), and defendant withdrew the plea. We reject defendant's contention that Judge Connell abused his discretion in refusing to abide by the sentencing commitment of the plea agreement. "The court . . . retains discretion in fixing an appropriate sentence up until the time of sentencing" (*People v Schultz*, 73 NY2d 757, 758) and, in view of Judge Connell's explanation for his determination not to abide by the sentencing commitment, we cannot conclude that he abused his discretion (*see generally id.*). Contrary to the further contention of defendant, he is not entitled to specific performance of the plea agreement. "The remedy of specific performance in the context of plea agreements applies where a defendant has been placed in a no-return position in reliance on the plea agreement . . ., such that specific performance is warranted as a matter of essential fairness" (*People v Herber*, 24 AD3d 1317, 1318, *lv*

*denied* 6 NY3d 814 [internal quotation marks omitted]).  Upon our review of the record, we conclude that specific performance of the plea agreement is not warranted, and we reject defendant's further contention that media coverage of the plea withdrawal tainted the jury pool.

We further conclude that the contention of defendant that his statements to the police were obtained in violation of his right to counsel and were thus involuntary is without merit.  Although defendant abandoned that contention by failing to seek a ruling on that part of his omnibus motion and failing to object to the admission in evidence of the statements at trial (*see People v Anderson*, 52 AD3d 1320, *lv denied* 11 NY3d 733), it may be raised for the first time on appeal (*see generally People v McLean*, 15 NY3d 117, 119; *People v Whetstone*, 281 AD2d 904, *lv denied* 96 NY2d 909).  Inasmuch as the record establishes that defendant made an unequivocal request for counsel (*see generally People v Porter*, 9 NY3d 966, 967), we address that contention here (*see McLean*, 15 NY3d at 119, 121).  Even assuming, arguendo, that defendant's indelible right to counsel had attached when he made the disputed statements (*see generally People v Ramos*, 99 NY2d 27, 32-33; *People v Casey*, 37 AD3d 1113, 1115, *lv denied* 8 NY3d 983), we conclude that the statements were spontaneous inasmuch as "they were in no way the product of an interrogation environment [or] the result of express questioning or its functional equivalent" (*People v Harris*, 57 NY2d 335, 342, *cert denied* 460 US 1047 [internal quotation marks omitted]; *see People v Rivers*, 56 NY2d 476, 480, *rearg denied* 57 NY2d 775; *People v Stoesser*, 53 NY2d 648, 650).

We reject the contention of defendant that the order permitting the chemical test of his blood was not obtained in compliance with Vehicle and Traffic Law § 1194 (3).  Even assuming, arguendo, that the Assistant District Attorney and County Court (Bellini, J.) failed to comply with the requirements of Vehicle and Traffic Law § 1194 (3) (d) (2), we conclude that such noncompliance "was of no moment because there was the requisite substantial compliance with the requirements of the statute" (*People v Dombrowski-Bove*, 300 AD2d 1122, 1123).  Defendant further contends that the application for the chemical test of his blood was insufficient because the witnesses who offered statements in support thereof were not placed under oath.  We reject that contention.  "[A]n application for a court-ordered blood test may contain hearsay and double hearsay statements that satisfy the *Aguilar-Spinelli* test[  if] the application . . . disclose[s] that it is supported by hearsay and identif[ies] the source or sources of the hearsay" (*People v Freeman*, 46 AD3d 1375, 1377, *lv denied* 10 NY3d 840).  "[T]he two-part *Aguilar-Spinelli* test requir[es] a showing that the informant is reliable and has a basis of knowledge for the information imparted" (*People v Monroe*, 82 AD3d 1674, 1675 [internal quotation marks omitted]; *see People v Ketcham*, 93 NY2d 416, 420) and, upon our review of the record, we conclude that the *Aguilar-Spinelli* requirements were satisfied here.  Inasmuch as the application at issue was written rather than oral, defendant's contention that the application did not comply with the requirements of Vehicle and

Traffic Law § 1194 (3) (d) (3) is of no moment.

Contrary to defendant's further contention, Supreme Court (Egan, J.) properly admitted in evidence at trial the results of the chemical test of his blood.  "It is well settled that a foundation establishing the reliability and accuracy of a machine used to measure blood alcohol content is a prerequisite to admitting the results of a blood alcohol test into evidence" (*People v Baker*, 51 AD3d 1047, 1048; *see People v Campbell*, 73 NY2d 481, 485).  We conclude that the People established the requisite foundation for the admission of those results (*see generally Campbell*, 73 NY2d at 485; *Baker*, 51 AD3d at 1048-1049).  We reject defendant's contention that the witness who testified regarding the test of defendant's blood was not qualified to testify with respect to the accuracy of the machine used to conduct that test (*cf. Campbell*, 73 NY2d at 484-486).

Finally, the sentence is not unduly harsh or severe.

Entered:  June 17, 2011                         Patricia L. Morgan
                                                Clerk of the Court