# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**362**

**KA 11-01967**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JESSE C. SMITH, DEFENDANT-APPELLANT.

---

MEGGESTO, CROSSETT & VALERINO, LLP, SYRACUSE (JAMES A. MEGGESTO OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 3, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and the matter is remitted to Supreme Court, Onondaga County, for proceedings pursuant to CPL 460.50 (5).

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that he was entitled to specific performance of the original plea agreement. "The remedy of specific performance in the context of plea agreements applies where a defendant has been placed in a no-return position in reliance on the plea agreement . . . , such that specific performance is warranted as a matter of essential fairness" (*People v Sierra*, 85 AD3d 1659, 1659, *lv denied* 17 NY3d 905 [internal quotation marks omitted]; *see generally People v McConnell*, 49 NY2d 340, 348-349). Here, Supreme Court properly determined that specific performance of the original plea agreement was not warranted.

Entered:  March 16, 2012                        Frances E. Cafarell
                                                Clerk of the Court