THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MEGEN A. MURPHY, Appellant. [956 NYS2d 207]—

Lahtinen, J.

We affirm. "[T]he purpose of CPL 710.30 is to inform a defendant that the People intend to offer evidence of a statement to a public officer at trial so that a timely motion to suppress the evidence may be made" (*People v Rodney*, 85 NY2d 289, 291-292 [1995]; *see People v Wilhelm*, 34 AD3d 40, 44 [2006]). Here, the People provided CPL 710.30 notice regarding statements made by defendant to police. At the *Huntley* hearing, Goff testified that when he was doing a pat-down of defendant, she made a

statement to him to the effect that he was inappropriately touching her. This particular statement had not been included in the CPL 710.30 notice. After defendant objected, County Court permitted proof regarding the statement and ruled that it was a spontaneous statement. The statement was addressed at the *Huntley* hearing, defendant had an opportunity to challenge it, and the record supports County Court's ruling that it was spontaneous (*see People v Richard*, 229 AD2d 787, 789 [1996], *lv denied* 89 NY2d 928 [1996]). Further, it appears from the record that defendant's objection to this evidence was based on relevancy and not a failure to provide notice.

There was a proper foundation to admit the blood alcohol level results from the breath test administered to defendant. Breath test results are admissible where the People "establish that the machine is accurate, that it was working properly when the test was performed and that the test was properly administered" (*People v Campbell*, 73 NY2d 481, 484 [1989]; *see People v Boscic*, 15 NY3d 494, 497 [2010]; *People v Mertz*, 68 NY2d 136, 148 [1986]; *cf. People v Baker*, 51 AD3d 1047, 1049 [2008]; *People v Grune*, 12 AD3d 944, 945 [2004], *lv denied* 4 NY3d 831 [2005]). The People presented proof establishing that the machine used for the test on defendant had been recently calibrated and was accurate, it was working correctly at the time of the test, and the test was properly administered.

Defendant's conviction of common-law DWI was not against the weight of the evidence. When addressing a weight of the evidence argument, we view the evidence in a neutral light, accord deference to the jury's assessment of credibility and "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; *accord People v Romero*, 7 NY3d 633, 643 [2006]). There were open alcoholic beverage containers in defendant's car and evidence that she had been drinking from one of the containers. The officers testified regarding the smell of alcohol on defendant. When she exited her vehicle she walked in a manner described by Goff as awkward. She reportedly responded belligerently to Goff at one point. Goff testified that he administered four field sobriety tests—a horizontal gaze nystagmus test, a walk and turn test, a one-leg stand test and a Romberg balance test. Significantly, defendant failed each of those tests. Although cross-examination revealed some discrepancies in the testimony of the police, the testimony was not incredible, and this created credibility issues for the jury (*see People v Shaffer*, 95 AD3d 1365, 1366 [2012];

*People v D'Angelo*, 244 AD2d 788, 789 [1997], *lv denied* 91 NY2d 890 [1998]). The fact that the jury acquitted defendant of the per se DWI count does not require the same result for the common-law DWI. Even disregarding the result of the breath test, there was ample evidence of her intoxication provided by the testimony of the police who dealt with her at the scene (*see People v Carvalho*, 174 AD2d 687, 688 [1991], *lv denied* 78 NY2d 1010 [1991]). Upon weighing and considering the evidence, we find that the jury's verdict finding defendant guilty of common-law DWI was not against the weight of the evidence.

Mercure, J.P., Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.