# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**482**

**KA 11-01247**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                 V                         MEMORANDUM AND ORDER

VINNIE B. WEATHER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

JEREMY D. ALEXANDER, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered August 3, 2010. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of driving while intoxicated (DWI) as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [former (i)]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of DWI as a class E felony (*see* §§ 1192 [3]; 1193 [1] [c] [i] [A]).

At the time defendant entered his plea in appeal No. 1, he had been promised a sentence of incarceration of five months, to run concurrently with a sentence imposed in Madison County (first plea agreement). During his plea colloquy, defendant agreed to waive his right to appeal and was informed that, if he failed to appear for sentencing or was rearrested before sentencing, County Court (Balzano, A.J.) would no longer be bound by the sentencing promise. Before sentencing, defendant was arrested for the charge of DWI in appeal No. 2, and he failed to appear for sentencing in appeal No. 1.

At the next appearance, the court (Balzano, A.J.), the prosecutor and defense counsel entered into another agreement pursuant to which defendant would enter a plea to DWI in appeal No. 2, and the court would direct that the sentences in appeal Nos. 1 and 2 run concurrently with each other and with the sentence imposed in Madison County (second plea agreement). Defendant agreed to enter into the second plea agreement, but the matter was adjourned to enable the

prosecutor to prepare a superior court information in appeal No. 2.

In the interim, the cases were transferred to County Court (Donalty, J.).  When defendant appeared for sentencing in appeal No. 1 and to enter a plea and for sentencing in appeal No. 2, the court informed defendant that it was "not going along with [the second plea agreement]."  The court stated that, if defendant pleaded guilty to DWI in appeal No. 2, the court would order the sentences in appeal Nos. 1 and 2 to run concurrently with each other but consecutively to the sentence imposed in Madison County (third plea agreement).  Although defendant objected, he ultimately entered a plea in appeal No. 2 and agreed to waive his right to appeal.  The court thereafter sentenced defendant in accordance with the third plea agreement.

While defendant does not contend that his waivers of the right to appeal are constitutionally defective or that they should not be enforced (see generally People v Callahan, 80 NY2d 273, 285; People v Williams, 191 AD2d 1039, 1040), he contends that they do not encompass the issues raised by him on appeal.  Defendant contends that his challenge to the sentences survives the waivers of the right to appeal because he is challenging the legality of the sentences, i.e., "the legality of the sentence[s] on [their] face, or . . . the power of the court to impose [them]" (Callahan, 80 NY2d at 281; see People v Campbell, 97 NY2d 532, 535).  We reject that contention.  The sentences at issue on this appeal are legal on their face and, inasmuch as "[t]he court . . . retains discretion in fixing an appropriate sentence up until the time of the sentencing" (People v Schultz, 73 NY2d 757, 758; see People v Sierra, 85 AD3d 1659, 1659, lv denied 17 NY3d 905), the court had "the power . . . to impose" the sentences (Callahan, 80 NY2d at 281).  Defendant's challenge therefore addresses not the legality of the sentences but, rather, the adequacy of the procedures leading up to sentencing (see Callahan, 80 NY2d at 281).

While we agree with defendant that the waiver of the right to appeal in appeal No. 1 does not preclude his contention that the court (Donalty, J.) erred in failing to abide by the second plea agreement (see People v Fomby, 42 AD3d 894, 895; People v Stevens, 41 AD3d 1030, 1031; People v Vancise, 302 AD2d 864, 864), we conclude that the waiver of the right to appeal in appeal No. 2 precludes defendant's similar contention in that appeal.  At the time defendant waived his right to appeal in appeal No. 2, he was aware of the terms of the third plea agreement and had consented to be sentenced in accordance with that agreement.  The waiver of the right to appeal in appeal No. 2 thus encompasses defendant's challenge to the sentence because all of the actions being challenged on appeal occurred before defendant entered his plea and waived his right to appeal.  "In view of defendant's acceptance of the [third] plea agreement and express waiver of his right to appeal, he may not now challenge" the court's refusal to adhere to the terms of the second plea agreement (People v Malone, 203 AD2d 622, 623, lv denied 84 NY2d 829).

Because we conclude that the waiver of the right to appeal in appeal No. 1 does not preclude our review of the merits of defendant's

contention in that appeal, we now address the merits of that contention.  Defendant contends in appeal No. 1 that he is entitled to specific performance of the second plea agreement.  " 'The remedy of specific performance in the context of plea agreements applies where a defendant has been placed in a no-return position in reliance on the plea agreement . . . , such that specific performance is warranted as a matter of essential fairness' " (*Sierra*, 85 AD3d at 1659; *see generally People v McConnell*, 49 NY2d 340, 348-349).  Inasmuch as neither the prosecution nor the defense had taken any action on the second plea agreement between the time of the second plea agreement and the appearance before Judge Donalty, defendant was not placed in a " 'no-return position' " in reliance on the second plea agreement and is thus not entitled to specific performance of that agreement (*Sierra*, 85 AD3d at 1659).

Entered:  May 3, 2013                          Frances E. Cafarell
                                               Clerk of the Court