[10 NYS3d 794]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE TURNER, Appellant.

Supreme Court, Appellate Term, First Department, April 29, 2015

**APPEARANCES OF COUNSEL**

*Cyrus R. Vance, Jr., District Attorney*, New York City (*David M. Cohn* of counsel), for respondent.

*Paul, Weiss, Rifkind, Wharton & Garrison, LLP*, New York City (*William J. King* of counsel), and *The Legal Aid Society*, New York City, for appellant.

## OPINION OF THE COURT

Per Curiam.

Judgment of conviction, rendered November 1, 2011, affirmed.

Defendant was convicted, after a jury trial, of per se driving while intoxicated (*see* Vehicle and Traffic Law § 1192 [2]) and driving while ability impaired (*see* Vehicle and Traffic Law § 1192 [1]). The People's proof was strong and persuasive, including, inter alia, the arresting officers' observations of defendant's appearance and comportment at the scene, defendant's admission of drinking, the physical coordination test, as well as the results of the Intoxilyzer 5000 breath test administered at the precinct, which measured defendant's blood alcohol content at .11% (*see* Vehicle and Traffic Law § 1192 [1], [2]; *People v Fratangelo*, 23 NY3d 506 [2014]). Indeed, defendant does not now challenge the conviction on sufficiency or weight of the evidence grounds. We find unavailing defendant's primary assignment of error, that the court erred in admitting the results of the portable field breath test administered at the scene of his traffic stop. The testing device utilized appears on the list of approved breath-testing instruments compiled by the New York State Department of Health (*see* 10 NYCRR 59.4 [b]), was shown to be in proper working order when the test was performed and the test was properly administered (*see People v Boscic*, 15 NY3d 494, 498 [2010]; *People v Murphy*, 101 AD3d 1177, 1178 [2012]). In any event, even assuming the trial court erred in admitting the challenged evidence, the error was harmless beyond a reasonable doubt in view of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The trial court properly exercised its discretion in imposing reasonable limits on defendant's cross-examination of Police Officer Jacob (*see People v Corby*, 6 NY3d 231, 234-235 [2005]), and defendant was not deprived of his right to confront the witness and present a defense (*see People v Edwards*, 19 AD3d 170, 171 [2005], *lv denied* 5 NY3d 828 [2005]).

Lowe, III, P.J., Shulman and Hunter, Jr., JJ., concur.