The People of the State of New York, Respondent, 
against
William Beyer, Appellant.



Appeal from a judgment of the District Court of Nassau County, First District (Joy M. Watson, J.), rendered December 16, 2013. The judgment convicted defendant, upon a jury verdict, of driving while ability impaired.




ORDERED that the judgment of conviction is affirmed.
Defendant was initially charged with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), unsafe lane changes (Vehicle and Traffic Law § 1128) and operating an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]).
At a jury trial, a New York State trooper testified that, on March 16, 2011, when he arrived at the scene of a motor vehicle accident, he spoke to defendant, one of the drivers, who admitted to having drunk four or five glasses of wine. The trooper detected the odor of alcohol emanating from defendant's breath, and administered a series of field sobriety tests, all of which defendant failed. As a result, the trooper arrested defendant. The trooper further testified that he administered a chemical breath test to defendant upon his arrest, which produced a blood alcohol reading of .09 per centum by weight. The certified maintenance and calibration records introduced at trial established that the chemical breath test device had been calibrated on June 11, 2010, approximately nine months before the chemical breath test had been administered to defendant, and again on July 8, 2011. Insofar as is relevant to this appeal, the jury found defendant guilty of, among other things, the lesser included offense of driving while ability impaired and acquitted him of driving while intoxicated per se and common law driving while intoxicated.
On appeal, defendant contends that the District Court erred in admitting the chemical breath test results since the maintenance and calibration report of the breathalyzer device used to test defendant shows that the calibration of the device was conducted on June 11, 2010 and then again on July 8, 2011, which exceeded the time period authorized by the Department of Health within which such devices should be regularly calibrated.
Initially, we note that the chemical breath testing device utilized to test defendant appears on the list approved by the Department of Health (see Department of Health Regulations [10 NYCRR] § 59.4 [b]). Pursuant to Department of Health Regulations (10 NYCRR) § 59.4 (c), [*2]"[m]aintenance shall be conducted as specified by the training agency, and shall include, but shall not be limited to, calibration at a frequency as recommended by the device manufacturer or, minimally, annually." The record in this case was devoid of any proof regarding what the device manufacturer had recommended as to calibration; therefore, the device had to be calibrated annually. Inasmuch as the documentary evidence established that the chemical breath test had been administered to defendant on March 16, 2011 and the device had been calibrated on June 11, 2010, nine months earlier, the District Court properly admitted the chemical breath test results into evidence.
We note that, in any event, the alleged error, if any, was harmless in light of the overwhelming credible testimony establishing defendant's impairment, independent of the chemical breath test results (see People v Crimmins, 36 NY2d 230 [1975]; People v Grune, 12 AD3d 944 [2004]).
Accordingly, the judgment convicting defendant of driving while ability impaired is affirmed.
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.
Decision Date: April 06, 2016