People v Flesch (2025 NY Slip Op 01740)

People v Flesch

2025 NY Slip Op 01740

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

167 KA 24-00767

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHNATHON T. FLESCH, DEFENDANT-APPELLANT. 

J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, SPECIAL PROSECUTOR, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Seneca County Court (Barry L. Porsch, J.), rendered April 12, 2024. The judgment convicted defendant upon his plea of guilty of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [3]), defendant contends that the People breached the terms of the plea agreement by requesting, prior to sentencing, that County Court not abide by the sentencing promise negotiated at the time defendant entered the plea, which had contemplated a term of probation without imprisonment. Initially, as the People correctly concede, defendant's waiver of the right to appeal does not encompass his present contention (see generally People v Johnson, 14 NY3d 483, 487 [2010]; People v Cannon, 158 AD3d 1123, 1124 [4th Dept 2018], lv denied 31 NY3d 1079 [2018]). Contrary to defendant's contention, however, the record does not reflect that the People violated a term of the plea agreement (cf. People v Vogel, 20 AD3d 865, 865 [4th Dept 2005], appeal dismissed 6 NY3d 728 [2005]). Instead, the record reflects that the court itself determined that the negotiated sentence was not appropriate. "[E]ven where a plea agreement has been reached, and a defendant has entered a plea in reliance on the agreement, it is ultimately up to the court to impose what it considers an appropriate sentence" (People v Hicks, 98 NY2d 185, 188 [2002]). Where the court decides to depart from a previously negotiated sentencing promise, the court must permit the defendant to withdraw the plea (see People v Sierra, 85 AD3d 1659, 1659 [4th Dept 2011], lv denied 17 NY3d 905 [2011]; People v Stiles, 78 AD3d 1570, 1570 [4th Dept 2010], lv denied 16 NY3d 863 [2011]; People v Herber, 24 AD3d 1317, 1318 [4th Dept 2005], lv denied 6 NY3d 814 [2006]). Here, the court properly afforded defendant the opportunity to withdraw his guilty plea rather than proceeding to sentencing at which the court would impose a term of imprisonment (see Stiles, 78 AD3d at 1570).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court